[Decided June 28, 1894.]

## HEIDENREICH *v.* ÆTNA INSURANCE CO.
[S. C. 37 Pac. Rep. 64.]

1. INSURANCE — ESTOPPEL — PLEA IN ABATEMENT.— An insurance company is estopped from setting up as a defense in an action on a policy, defects in a notice and proof of loss, by pleading in abatement that the requisite period had not elapsed after plaintiff gave notice of a loss before the commencement of the action, where it has not objected to the notice or proof of loss, and so given the claimant an opportunity to correct defects therein.

2. EVIDENCE — PLEADING.— Evidence of a conspiracy or a wilful burning of the insured property by the plaintiffs, or any one by their consent, is inadmissible unless specially pleaded.

APPEAL from Union: MORTON D. CLIFFORD, Judge.

This is an action by K. and P. Heidenreich against the Ætna Insurance Company to recover the sum of eight hundred dollars upon a policy of insurance issued to the plaintiffs upon a certain building described in the complaint, which was destroyed by fire. The complaint alleges, *inter alia*, that the plaintiffs were joint owners of the property; its insurance by the defendant, and its destruction by fire; that the plaintiffs gave due notice and proof of loss more than sixty days before the commencement of the action, and that they have otherwise performed all the terms and conditions of the policy to be performed on their part, and that the defendant has not paid the loss, etc. The defendant answered by way of plea in abatement, setting forth that by the terms of the policy the loss, if any, was to be paid sixty days after due notice and proof of loss should be made by the plaintiffs, and received by the defendants, etc.; that the period of sixty days did not elapse after the plaintiffs gave notice of said loss, or after proof of loss was made by the plaintiffs, or received by the defendant at its office, and that no cause of action accrued to them under said policy at the time of the commencement of this action. The plaintiffs by their reply put in issue the matter alleged in abatement, whereupon a trial was had which resulted in a verdict and judgment in favor of plaintiffs. The defendant thereupon answered to the merits, in which it denies the joint ownership of the plaintiffs in the property, as alleged, both at the date of the policy and of the fire; admits the insurance of the house, and its destruction by fire, but denies that its destruction was without the fault of the plaintiffs; denies the amount of the loss; denies that plaintiffs furnished any notice or proof of loss in form or substance as required by the terms and conditions of the policy; and denies that they have otherwise or at all performed all or any of the conditions of said policy on their part; and for a further

answer set up that no notice or proof of loss had been given as required by the terms of the policy. Upon motion of the plaintiffs, the denials of receiving notice and ·proof of loss, as well as the separate answer, were stricken out. The trial resulted in a verdict and judgment in favor of the plaintiff, from which this appeal is taken.

AFFIRMED.

*Messrs. C. H. Finn*, and *Chas. H. Carey*, for Appellant.

The defendant filed an amended plea in abatement, setting forth that by the terms of the policy, the loss, if any, was to be paid sixty days after due notice, and proofs of loss should be made by the plaintiffs and received by the defendant at the defendant's office, at Hartford, Connecticut, in accordance with the terms and conditions of the said policy; that the period of sixty days did not elapse after the plaintiffs gave notice of the said loss, or after proofs of loss were made by the plaintiffs or received by the defendant at its said office, and no cause of action had accrued to plaintiffs under said policy at the time of the commencement of this action; and "that said pretended notice and proof of said loss was not given defendant before March twenty-seventh, eighteen hundred and ninety-one, or received by the defendant at Hartford, Connecticut, before April third, eighteen hundred and ninety-one, and this action was commenced April sixteenth, eighteen hundren and ninety-one." The court on the trial of the matter so pleaded in abatement, struck out the word "pretended," and a verdict was rendered for the plaintiffs under direction of the court. It will be observed that the plea of abatement did not, as, indeed, it could not, make the defense that the conditions of the policy as to what the notice should be, and what the proofs of loss should embrace, had not been complied with. This was a defense

in bar, and, of course, could not be disposed of under the pleadings at this stage of the case: *Smith* v. *Commonwealth Insurance Company*, 49 Wis. 322.

The defendant thereupon filed the following answer upon the merits:  *  *  *  The matter indicated by the quotation marks was, upon motion of plaintiffs, stricken out. This was apparently upon the mistaken theory that the defendant had, in some way, admitted by its plea in abatement the substance of what was contained in the denial and negatived in the new matter in this answer. Thus the defendant was precluded from pleading an important defense.

The bill of exceptions states that: "There was no admission by the defendant that the defendant received a proof of loss, other than is contained in the pleadings, records, and judgments in this cause, or that it was in due form, as required by the policy, unless the plea in abatement is to be taken as an admission thereof." The only object of the plea in abatement was to show that the action was premature, as it was begun before the sixty days had elapsed after the so-called proofs of loss were sent to the defendant: *Doyle* v. *Phœnix Insurance Company*, 44 Cal. 264, 7 Am. and Eng. Ency. 1051.

This defense, if maintained, would abate the present action, but would not prevent the beginning of a new action in due season, and hence was purely a dilatory plea. Whenever the subject-matter of the plea or defense is that the defendant cannot maintain any action at any time, whether present or future, in respect of the supposed cause of action, it may and usually must be pleaded in bar; but matter which merely defeats the present proceeding, and does not show that the plaintiff is forever concluded, should, in general, be pleaded in abatement: 1 Chitty on Pleading, 446; *Hentsch* v. *Forter*, 10 Cal. 555.

26 OR.—10.

The defense that the action is premature should be plead in abatement: *Archibald* v. *Argall*, 53 Ill. 307; *People* v. *Rains*, 23 Cal. 131; *Byars* v. *Bourret*, 64 Cal. 73; *Benthall* v. *Hildreth*, 68 Mass. (2 Gray) 288; 1 Chitty on Pleading, 453.

The defense that the action was commenced before the cause of action was accrued cannot be proved under a general denial, but must be set up by an answer specially: Pomeroy on Code Remedies, § 711. The defense did not require an admission that after the sixty days were elapsed the plaintiffs would recover, or that their proofs of loss were sufficient. The rule requires the defendant to furnish data in his plea in abatement for "a better writ" does not go further than to require defendant to show when the sixty days would expire; for, otherwise, to file an answer in abatement is to forego the right to make defense in bar at all.

*Messrs. J. H. Slater & Sons*, for Respondent.

By filing the plea in abatement without filing any other answer at the same time defendant admitted every allegation of the complaint not challenged in the plea. And the express wording of the plea admits that notice of loss and proof had been given and the only issue was as to the lapse of time after receipt thereof. Further, the answer of defendant, which was stricken out, undertakes to set up after the issues determined by the verdict of the jury on the trial of the plea, that there was no notice or proof of loss given. It does not state that the notice and proof were given, but the defendant had excepted to them, and particularly pointed out the objections to the same. If any notice and proof are given and the defendant does not point out to the insured the defects therein, no objection can be raised by defendant on the trial: 2 May on Insurance, §§ 468 and 469.

In this case the answer in abatement was an admission that notice and proofs had been made and received, and there was no defense set up that any errors therein had been called to the attention of the plaintiffs.   The burden to show notice of such defects is on defendant: 2 May on Insurance, § 468.   The defendant, in its answer, denies any damage, and also denies the ownership of the plaintiffs in the property insured, both at the time of the insurance and of the loss.   The denial is a waiver of any notice and proof of loss: 2 May on Insurance, § 469, and note 2; *Phœnix Insurance Company* v. *Bachelder*, 49 N. W. 217; *Carson* v. *Insurance Company*, 17 N. W. 650; *Union* v. *Whitt*, 14 Pac. 275; *King* v. *Insurance Company*, 17 N. W. 297.   Proof of loss is waived when the company places its refusal to pay on the sole ground that the insured had no insurable interest: *Grange Mill Company* v. *Western Association Company*, 118 Ill. 396; 2 May on Insurance, § 468.   In this case the defendant rested his first answer on the fact that sixty days had not elapsed after notice and proof of loss received at the home office in Hartford, Connecticut, and it then answered denying any liability whatever upon the ground that the plaintiffs had no interest in the property. The insurance is admitted and also the burning.   We claim that where the defendant seeks to defeat the action by plea in abatement, alleging only the fact that the action was prematurely brought, it thereby expressly waives any and all objections to the sufficiency of the notice and proofs.

Opinion by MR. CHIEF JUSTICE LORD.

1.   The record discloses that at the trial the defendant moved to reinstate that portion of its answer so stricken out, and also offered evidence in support of it;  that the court overruled the motion, and refused to receive such evidence, and charged the jury that "it is admitted in this

case that the company did receive notice of this loss, and
that it was in due form as required by the policy." The
correctness of this instruction, and of the ruling upon the
excluded evidence, is not questioned, if the portion of the
answer referred to was properly stricken out. Our first
inquiry, then, is whether the ruling of the trial court in
striking out the said denials and the further defense that
no notice or proof of loss had been given at any time as
required by the terms of the policy, was error. The
theory of the ruling was that the defendant, by its plea in
abatement, admitted receiving due notice and proof of
loss, and thereby waived any defect of form and substance
in the same, and hence it was precluded from denying the
allegation of notice and proof of loss, or affirmatively set-
ting up that such notice or proof had not been given as
required by the terms of the policy. The contention for
the defendant is that a breach of the conditions of the
policy prescribing what the notice should be, and what
the proof of loss should embrace, was a defense in bar of
the action, and could not be disposed of by the plea in
abatement, the object of which was to show that the action
was prematurely brought. It is no doubt true that the
condition in the policy regarding notice and proof of loss
is wholly for the benefit of the insurer. The insured con-
tracts to perform it, and until he does so he has no cause
of action against the insurer. But such condition being
for the advantage of the insurer, it is in its option to waive
any deficiency on the part of the insured in this respect.
If there are any defects in the notice or proof of loss, to
which the insurer objects, he should point them out, so
that the insured shall have an opportunity to remove them,
and perfect his proof. Good faith and fair dealing re-
quires that this should be done, and if not so pointed out,
that the insurer should be deemed to have waived such
defects, or be estopped from setting them up as a defense.

"The law," as BROWN, J., said, "requires of the company
entire good faith and fair dealing in its transactions with
the assured in reference to the proofs, and hence it is
bound to point out any defects of a formal character
therein, that the assured may have an opportunity to cor-
rect them, and, if it accepts those served within the time
named in the policy, it will be deemed to have waived
defects, and to receive them in the performance of the
condition of the contract": *Armstrong* v. *Agricultural In-
surance Company*, 130 N. Y. 566, 29 N. E. 991. This rule is
just and reasonable; it aims to prevent insurance com-
panies from lulling their patrons, as STONE, C. J., said,
"into false security, by which they may lose the means
and opportunity of remedying defects in their preliminary
proof": *Fire Insurance Companies* v. *Felrath*, 77 Ala. 201,
54 Am. Rep. 58.

Hence, in view of this duty of the insurer to the insured,
any conduct or act of the company which may be taken as
an acceptance of notice and proof of loss will be regarded
as a waiver of its right to object thereto on account of de-
fects therein. In the case at bar the defendant, by its
plea in abatement, sought to show that the action was pre-
maturely brought, by alleging that it was begun before
the sixty days had elapsed after due notice of proof had
been received by the company. By its express wording
the plea admits that due notice and proof of loss had been
given and received, and the only issue was as to the lapse
of time after the receipt of the same. This issue was de-
cided adversely to the defendant, whereupon it sought to
defeat the action by its denials of notice and proof of loss,
and alleging affirmatively that such notice and proof was
defective in form and substance, and did not comply with
the terms of the policy. It was the duty of the company,
if it intended to insist upon notice and proof free from
defects or deficiencies, to apprise the assured of their ex-

istence, and afford the plaintiffs an opportunity to elimi-
nate them. Certainly, if the company had done what in
good faith it was required to do, and the plaintiffs had
refused to amend the defective notice and proof, it is
hardly probable that it would have simply sought to abate
the action, when it had a defense in bar of it. Nor does
the answer, including the portion stricken out, state that
the notice and proof of loss were given, and that the de-
fendant had pointed out the objections to them, thus
showing that the plaintiffs had an opportunity of reme-
dying the defects; yet the company availed itself of the
benefit of a plea in abatement, admitted the notice and
proof of loss were given and received, and by so pleading
must be considered to have accepted them and thereby
waived any and all objections to their sufficiency. We do
not think, therefore, that there was any error in the ruling
of the court in the particular under consideration.

2. The next assignment of error seeks to review the
decision of the court in sustaining the objection to a ques-
tion asked of K. Heidenreich. The question was whether
or not her husband had a power of attorney to act for her
in managing her property. She had already testified that
he had acted for her. The statement as to what was ex-
pected to be proven by the question shows that the answer
would have been immaterial and irrelevant, for the reason,
if there was a conspiracy or a wilful burning of the prop-
erty by plaintiffs, or by any one with their consent or
connivance, the facts should have been alleged, which was
not done. Matters in defense cannot be proven unless
they are pleaded. As to the question asked J. D. Heiden-
reich, we are not satisfied that it comes within the rule
laid down in article XII, Stephens' Digest; and, like coun-
sel, we have been unable to find any authority showing
there was error in the ruling of the trial court.

The next objection is to the following instruction: "I

instruct you that there was no evidence in this case tending to connect the plaintiffs with any acts of John or J. D. Heidenreich in regard to the fire in question." The record discloses that there was some evidence offered on behalf of the company to the effect that the husband of one of the plaintiffs had threatened to set fire to the barn above mentioned, and to get rid of it; and some suspicious circumstances were shown respecting his conduct, with a view to showing that the fire was wilfully set by him to the barn. But there is no evidence tending to show that either of the plaintiffs had any knowledge of the same, or of any statement or act of J. D. and John Heidenreich, or either of them, which connected the plaintiffs with the fire. There being no error, it results that the judgment must be affirmed.    AFFIRMED.