CAMDEN FIRE INS. ASS'N OF CAMDEN, N. J., v. PUETT.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 10, 1914. Rehearing Denied Feb. 14, 1914.)

1. APPEAL AND ERROR (§ 1043*)—REVIEW—HARMLESS ERROR.

In an action upon an insurance policy, defendant was not prejudiced by the action of the court in refusing it a continuance to procure the testimony of a witness to prove a fact which the insured on the stand admitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

2. INSURANCE (§ 281*)—PROOF OF LOSS—MISREPRESENTATION—STATUTORY PROVISIONS.

Under Rev. St. 1911, art. 4949, providing that any provision in an insurance policy that the same shall be void or voidable if any misrepresentation be made in the proofs of loss shall be of no effect, and shall not constitute any defense to any suit thereon, unless the false statement or misrepresentation was fraudulently made, and was of a fact material to the liability of the company, the fact that the insured in her proof of loss misrepresented the value of a stove could not affect the liability of the company upon the policy, where the total value of the property destroyed, exclusive of the stove, was largely in excess of the amount of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 597–600; Dec. Dig. § 281.*]

3. EVIDENCE (§ 317*)—HEARSAY.

A statement by plaintiff's agent, not having been made in the presence of plaintiff, was hearsay and not admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

4. APPEAL AND ERROR (§ 1001*)—REVIEW—VERDICT.

A verdict and judgment cannot be disturbed merely because there is evidence which might lead to a contrary result.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by Mrs. J. C. Puett against the Camden Fire Insurance Association of Camden, New Jersey. From a judgment for plaintiff, defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Ben L. Cox, of Abilene, for appellant. S. P. Hardwicke, of Abilene, for appellee.

CONNER, C. J. Appellant presents the following statement of the nature and result of this suit, which we think sufficient: "This suit was filed in the district court of Taylor county by Mrs. J. C. Puett, a widow, to recover the amount alleged to be due on a certain policy dated the 25th day of May, 1912, and issued to plaintiff by G. B. Triplett, a local agent of the defendant company at Abilene. The policy was in the sum of $2,500, $1,750 of which was on the house and $750 on the contents thereof, including furniture, stoves, carpets, window shades, etc., a full list of which was attached to and included in plaintiff's petition. Plaintiff alleged that a fire occurred on the 15th day of June, 1912, which totally destroyed said house and contents. She further alleged a full compliance with all the terms of said policy, including the payment of the premium due thereon, and she alleged the defendant's failure and refusal to pay her the amount due on said policy according to its terms. The defendant answered by general demurrer, general denial, and specially answered that the fire which destroyed said property was brought about by virtue of a fraudulent conspiracy among plaintiff and her brother, J. B. Jordan, and one J. C. Nix, and defendant further pleaded that plaintiff had violated certain warranties contained in said policy, fully set out in defendant's answer. Among other special defenses, the defendant pleaded that plaintiff had fraudulently misrepresented to defendant the character and amount and value of the property covered by the policy sued on; that she was guilty of false swearing in material matters touching said insurance; that she concealed from plaintiff the fact that she was not occupying said house as her dwelling house at the time of the issuance of said policy. Defendant further pleaded that the statement in said policy, 'occupied by the owner as a dwelling house,' was a warranty in said policy, and that said warranty was breached by virtue of the fact that plaintiff was not so occupying said house at the time of the issuance of said policy. Plaintiff filed a first supplemental petition in which she denied all of the special defenses set up by the defendant. The case was tried before a jury, and the matters of fact were submitted to the jury by the court upon special issues prepared by the court in the form of questions, which questions were answered by the jury in favor of plaintiff, and upon said answers as the verdict of said jury the court rendered judgment in favor of plaintiff for the full amount sued for by plaintiff, from which judgment of the court defendant duly filed its motion for a new trial, which was by the court duly overruled, to which action and judgment of the court the defendant excepted and gave notice of appeal, and now brings the case here for revision."

[1] Appellant first complains of the action of the court in overruling its first application for a continuance. Appellee objects to the manner of presenting the question, and, while the objections are probably well taken, we think the assignment must be overruled on its merits and prefer to so treat it. It appears that, following the destruction of appellee's premises and its contents, she presented to the appellant company her proofs of loss, including a list of the personal property destroyed, and that, among other things, appellee listed a range cooking stove at a value of $40, and appellant sought a continuance in order to procure the testimony of one Jobe, who it was alleged was absent because of a smallpox quarantine in the city of Abilene, and who would testify that he was familiar with the market value of said range and "that the market value thereof was $6 or $8, and that plaintiff paid witness the sum of $8 for said range." It is very doubtful indeed whether the motion is sufficient in form under the statute in its statement of diligence; but, conceding its sufficiency, we think the court's action cannot amount to reversible error. The appellee while a witness on the stand, herself testified that she only gave "$5 for that stove." She further testified: "I put it in on this list at $40 because he told me it was a good stove, and he told me it was a $40 stove, and they sell for $55 and $65 down here at Hughes' and it was a secondhand stove." The jury in answer to a special issue submitted found that the fair value of all of the personal property situated in the house at the time of its destruction was $1,430, and further found in answer to another special issue that the plaintiff had not fraudulently concealed or misrepresented to the defendant the value of the contents of the house, and we fail to see how the desired testimony could have materially affected appellant's rights.

[2] Our statutes (Revised Statutes 1911, art. 4949) provides that: "Any provision in any contract or policy of insurance issued or contracted for in this state, which provides that the same shall be void or voidable, if any misrepresentations or false statement be made in proofs of loss or of death, as the case may be, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract or policy, unless it be shown upon the trial of such suit that the false statement made in such proofs of loss or death was fraudulently made, and misrepresented a fact material to the question of the liability of the insurance company upon the contract of insurance sued on, and that the insurance company was thereby misled, and caused to waive or lose some valid defense to the policy."

While, as stated, the jury found that the plaintiff had not fraudulently misrepresented the value of the personal property situ-

ated in the house, the fraud, in overvaluing the stove if conceded, could not affect the liability of the appellant upon its contract of insurance. The issuance of the policy and the loss as declared upon was established, and plaintiff's recovery upon the contents, by the very terms of the policy, was limited to $750; whereas, the total value of the personal property also covered by the policy, exclusive of the item relating to the stove, was largely in excess of the amount of the recovery she was entitled to on this account. We, accordingly, overrule appellant's first assignment of error.

[3] In the second assignment complaint is made of the action of the court in excluding a statement made by one J. C. Nix, who had been employed by G. B. Triplett, appellant's agent who issued the policy in question. The issue of the alleged conspiracy was not raised by the evidence, and the statement offered was not in appellee's presence and was, as to her, hearsay, and the court properly ruled as he did.

[4] The remaining assignments all in one form or another question the sufficiency of the evidence to sustain the verdict and judgment; but, after a careful examination of the record, we feel no hesitation in saying that appellee's testimony supported all the material issues of her petition and that the verdict and judgment cannot be disturbed merely because there is evidence in behalf of appellant of a contrary tendency.

It is ordered that the judgment be affirmed.