Argued April 1, reversed and remanded May 20, 1964

# HENRICKSEN ᴇᴛ ᴜx *v.* THE HOME
# INSURANCE COMPANY
### 392 P. 2d 324

*Hugh B. Collins,* Medford, argued the cause for appellant. On the briefs were Collins, Redden & Mullen, Medford.

*Samuel M. Bowe,* Grants Pass, argued the cause for respondents. On the brief were Bowe and Martin, Grants Pass.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, O'CONNELL and DENECKE, Justices.

## O'CONNELL, J.

This is an action on a fire insurance policy to recover for fire damage to plaintiffs' house and personal property. Defendant appeals from a judgment entered on a verdict for the plaintiffs.

On July 28, 1960 plaintiffs' dwelling house and most of its contents were destroyed by fire. Plaintiffs submitted to defendant an inventory of the personal property alleged to have been destroyed by the fire and later, at defendant's request, prepared another inventory disclosing the source and cost of the personal property included in the original inventory. Subsequently, plaintiffs, with the assistance of their lawyer, prepared a formal proof of loss which was submitted

to defendant. The value and cost assigned to each of the items in the proof of loss was substantially less than that assigned in the two previous inventories. Defendant refused to pay the loss on the ground that plaintiffs willfully misrepresented the value of the items in the inventory with the intention of inducing defendant to pay plaintiffs an amount greater than the value of the goods. It is also contended that the final proof of loss listed some items which were not lost or damaged in the fire. Defendant does not contend that the final proof of loss overstated the value of any of the items.

Defendant relies upon the following clause in the policy issued to plaintiffs:

"This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

The answer did not raise an issue of fraud in procuring the policy, although in the course of the trial defendant's counsel attempted to show that in procuring the policy in question plaintiff failed to reveal to defendant that he had been convicted of arson and the burning of an automobile for the purpose of collecting insurance.

Defendant assigns as error the giving of the following instruction:

"I instruct you that to constitute a fraud by false representation so as to entitle the Defendant to avoid the policy three things must concur. (1) There must be a knowingly false representation. (2) The Defendant must have believed it to be true,

relied thereon, and been deceived thereby. (3) That such representation was of a matter relating to the contract about which the representation was made which, if true, would have been to the Defendant's advantage but being false caused it damage and injury."

Exception was taken on the ground that the instruction was erroneous in stating that the insurer must believe the false representation, rely upon it and be deceived by it before the policy is voidable. It is pointed out that in the present case defendant was not deceived by false representation, and that its disbelief was the reason for rejecting the claim.

 It appears that the instruction was an adaptation of the language in *Waller v. City of New York Ins. Co.*, 84 Or 284, 294, 164 P 959, Ann Cas 1918C, 139 (1917). In that case the defense to a claim under a fire insurance policy was that the insured induced the insurer to issue the policy through false representations. It was held that under such circumstances the insurer must allege and prove that it believed the representations, that it relied upon them and that it was damaged as a result of them. Defendant contends that the requirements of deception and damage essential to a defense where the fraud is in the inducement need not be established where the defense is on the basis of a false claim of loss. Whether made in obtaining the policy or in presenting a claim of loss, the representation will not vitiate the policy unless it is a misrepresentation of a material fact or circumstance concerning the insurance or the subject thereof. (ORS 744.100).[1]

---

[1] See Waller v. City of New York Ins. Co., 84 Or 284, 295, 164 P 959, Ann Cas 1918C, 139 (1917).

■■ But if the misrepresentation is material the insurer need not establish as a part of its defense that it suffered or would suffer a pecuniary loss as a result of the misrepresentation. Thus we have recognized that no recovery will be allowed where a false claim is made, even though the actual loss exceeds the amount covered by the policy.[2]

■■ The instruction to which exception was taken conditioned defendant's defense upon proof of actual deception and damage. This, we think, may have been prejudicial to defendant and is ground for reversal. The jury should have been instructed that if plaintiffs willfully overstated the value of the goods in the inventories or in the proof of loss or if they included items not damaged or lost as a result of the fire, then defendant is not liable irrespective of whether the misrepresentations caused damage to defendant or would cause damage if it was required to pay the loss.

The judgment is reversed and the cause is remanded for new trial.

---

An insurance contract will not be construed as severable between the several classes of property it covers. A misrepresentation after the loss as to a single material fact will forfeit the entire insurance contract. Fowler v. Phoenix Ins. Co., 35 Or 559, 57 P 421 (1899); 7 Couch, Cyclopedia of Insurance Law, § 1557, p. 5515 (1930); 3 Richards on Insurance (5th ed), § 150, p. 1657 (1952).

[2] Fowler v. Phoenix Ins. Co., 35 Or 559, 57 P 421 (1899). See also, C. C. Vaughan & Co. v. Virginia Fire & Marine Ins. Co., 102 Va 541, 46 SE 692 (1904); Virginia Fire & Marine Ins. Co. v. Vaughan, 88 Va 832, 14 SE 754 (1892). Contra, Home Insurance Co. of New York v. Lowenthal, 36 So 1042 (Miss 1904); Camden Fire Ins. Assn. v. Puett, 164 SW 418 (Tex Civ App 1914).