Argued and submitted December 10, 1979,
reversed and remanded for new trial January 28, 1980

# FLEMING,
## *Appellant,*
### *v.*
# UNIGARD MUTUAL INSURANCE COMPANY,
## *Respondent.*

(No. A 7711-16962, CA 13831)

605 P2d 728

[197]

Dennis W. Skarstad, Portland, argued the cause and filed the briefs for appellant.

Michael A. Lehner, Portland, argued the cause for respondent. With him on the brief were William H. Mitchell and Hershiser, Mitchell, Mowery & Davis, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

This is an action brought by insured to recover under an insurance policy for fire damage. The issues presented on appeal concern evidentiary rulings.

Plaintiff, the insured, was a restaurant operator. Defendant, insurer, issued a policy of insurance covering plaintiff's restaurant business. On December 4, 1976, an employee of the restaurant found a sizeable leak in the building's fire sprinkler system and informed the plaintiff who turned the water supply off. Plaintiff testified that he then attempted to contact his landlord and insurance agent regarding the sprinkler but was unable to reach them. The restaurant was closed the next day. The fire occurred late December 5 or early the following morning. Plaintiff filed a proof of loss for damage to stock and equipment and for business interruption. Defendant denied the claim contending that the proof of loss contained material falsehoods and in addition that plaintiff breached a sprinkler warranty provision of the insurance contract. Plaintiff sued on the policy. The jury verdict was in favor of the defendant. Plaintiff appeals.

Prior to trial plaintiff moved to prohibit defendant from implying or suggesting that he was responsible for causing the fire. The trial court granted the motion. At trial defendant, over objection, was permitted to inquire of its expert regarding the origin of the fire. The witness testified:

"* * * The fire had originated under the sprinkler valve, had burned perhaps very intense hot, intense fire not long, 15, 20 minutes. There was no accidental or natural cause for this fire at this point. * * * Nothing that would cause, no electrical equipment, nothing that would cause a fire there at the point of origin.

"There were also indications of vandalism. You might think it was break and entry. I really don't think it was, there was indication of some kind of break and entry or vandalism in this case. The fire being set under a sprinkler valve, sprinkler protected

[199]

building, it's impossible to burn the building. The only possibility is to shut off the sprinkler valve and set a fire. In this case it kind of backfired. There is residual water in the system. We had drain back from all these sprinkler heads. It would have been a disastrous fire there had it not been for the fact that the sprinkler leads were draining back into this point of origin."

Plaintiff assigns the overruling of his objection as error.

Evidence of intentional burning of the insured property is inadmissible unless pleaded. *Walker v. Fireman's Fund Ins. Co.,* 114 Or 545, 565, 234 P 542 (1925); *Heidenreich v. Aetna Ins. Co.,* 26 Or 70, 78, 37 P 64 (1894). Defendant did not plead arson as an affirmative defense. In the absence of such pleading the evidence is not relevant to any issue before the jury. The evidence was highly prejudicial to the plaintiff's case and the trial court committed reversible error in failing to exclude it.

We reverse and remand for a new trial. In the subsequent trial, the evidentiary question raised in plaintiff's second assignment of error will likely arise again; therefore, we will address it.[1]

During cross-examination of plaintiff, the defendant introduced copies of judgments in a Forcible Entry and Detainer suit brought against plaintiff by the landlord from which he leased space to operate his restaurant, a second action on a promissory note between those parties, and a judgment in an action for rents by the owner of commercial property on which plaintiff operated a drive-in restaurant. Plaintiff objected to the introduction of this evidence on relevancy grounds.

In the present action, plaintiff complained that he suffered a business interruption which caused him to

---

[1] Insured's claim of error regarding jury instructions is obviated by our decision on the first assignment.

[200]

sustain damages of $10,453. The FED judgment granted restitution of the subject premises to the landlord 90 days after October 4, 1976. Evidence of the FED action was relevant to limit the claim of business interruption. Further, evidence of the prior judgments was relevant to show plaintiff's adverse financial condition and consequently tended to prove motivation for falsifying the amount of the claimed loss. To prove its first affirmative defense defendant was required to show that plaintiff's alleged deception was material and that it was willful. *Hendricksen v. The Home Ins. Co.,* 237 Or 539, 392 P2d 324 (1964); ORS 743.612. For these reasons the evidence of the prior judgments was relevant and properly admitted.

Reversed and remanded for new trial.