**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff— Appellee,**

v.

**Ralph B. BREEDEN, Defendant— Appellant.**

No. 03–35199.*
D.C. No. CV–01–01686–JJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2004.

Decided July 28, 2004.

Lisa E. Lear, Andrew C. Lauersdorf, Esq., David D. VanSpeybroeck, Bullivant Houser Bailey, PC, Portland, OR, for Plaintiff–Appellee.

William Dickas, Kell, Alterman & Runstein L.L.P., Portland, OR, for Defendant–Appellant.

Before GOODWIN, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Allstate sought and acquired a declaration by the district court that Breeden voided his fire insurance policy by misrepresenting the extent of his loss. Breeden

---

* Allstate abandoned its cross-appeal, No. 03–35242.

appeals the district court's adverse summary judgment. Both the district court's construction of state law and its entry of summary judgment are reviewed de novo. *Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1086 n. 3 (9th Cir.2003). For the reasons set out below, we affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this disposition.

## I

■ Breeden's fire policy provided that wilful misrepresentation concerning a claimed loss would operate to void the policy. In determining whether Breeden has voided his insurance policy, the district court relied exclusively on *Callaway v. Sublimity Ins. Co.,* 123 Or.App. 18, 858 P.2d 888 (1993). This was error because *Callaway* involved an automobile insurance policy. Since 1985, a different rule has existed in Oregon for fire insurance policies. *See Eslamizar v. Am. States Ins. Co.,* 134 Or.App. 138, 894 P.2d 1195, 1198–99 (1995). In particular, reliance is treated differently in cases brought under fire insurance policies. We therefore vacate the summary judgment to the extent it relied on *Callaway* and remand for reconsideration based on *Eslamizar.*

## II

■ The district court properly entered partial summary judgment for Allstate on Breeden's counterclaim that the insurer was required to give specific reasons for denying his claim. The cited requirement applies to underwriting decisions—*i.e.,* decisions whether or not to provide coverage—not to decisions to deny claims under existing policies. *See* OR.REV.STAT. § 746.650 (2004).

## III

■ Breeden lacks standing to assert a claim that Allstate breached its contract with the mortgagee, Chase Manhattan Bank. Partial summary judgment on that claim was appropriate as well. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**