**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Plaintiff–Appellee,**

v.

**Ralph B. BREEDEN, Defendant–Appellant.**

Allstate Insurance Company,
An Illinois corporation,
Plaintiff–Appellee,

v.

Ralph B. Breeden, Defendant–
Appellant.

Nos. 05–35159, 05–35171.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Nov. 14, 2006.

Filed Jan. 4, 2007.

Lisa E. Lear, Esq., Andrew C. Lauers-dorf, Esq., David D. Vanspeybroeck, Esq., Bullivant Houser Bailey PC, Portland, OR, for Plaintiff–Appellee.

William Dickas, Esq., Kell, Alterman & Runstein L.L.P., Portland, OR, for Defendant–Appellant.

Before: FERGUSON, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM *.

In this diversity matter, Allstate seeks a declaratory judgment that Ralph Breeden voided his fire insurance policy by misrepresenting the extent of his loss after a fire in his home. The District Court granted

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

summary judgment to Allstate, and Breeden appealed. Because we find that there exist disputed issues of fact, we hold that summary judgment should have been denied. We reverse the District Court's grant of summary judgment to the insurer, vacate the District Court's other determinations, which were premised on the summary judgment grant, and remand for further proceedings, including a trial on the merits.

## FACTUAL AND PROCEDURAL HISTORY

On June 22, 2000, for reasons still undetermined, a fire erupted and severely damaged Ralph Breeden's home in Lebanon, Oregon. At the time, Breeden held an Allstate insurance policy, which covered real and personal property against loss by fire, as well as additional living expenses for loss of use of his residence in case of such an incident. Breeden notified Allstate of the fire and made a claim for indemnification. In August 2000, Breeden submitted to Allstate a claims form listing personal property valued at $133,013.81. Allstate issued to Breeden approximately $3,100 for living expenses, and later $15,100 of advance payments, but also began investigating the validity of his claim. Breeden subsequently submitted a revised list of personal property, which he valued at approximately $69,000. In August 2001, Allstate denied Breeden's claim in its entirety.

In November of that year, Allstate filed a declaratory judgment action in the District of Oregon. Allstate claimed that: (1) Breeden's policy was void on grounds of misrepresentation;[1] and (2) Breeden was precluded from recovery because his faulty, inadequate, or defective workmanship was the direct or predominate cause of the loss.[2] Breeden filed an answer and counterclaims for damages, and both parties moved for summary judgment.

In early 2003, the District Court ruled as a matter of law that Breeden had made misrepresentations that voided the fire insurance policy. On the basis of this conclusion, the District Court ruled that Breeden's counterclaims were meritless, granted Allstate's motion for summary judgment, denied Breeden's motion for summary judgment, and denied "all other pending motions as moot." Defendant appealed.

On July 28, 2004, this court issued a memorandum disposition, *Allstate Ins. Co. v. Breeden ("Breeden I")*, 105 Fed.Appx. 217 (9th Cir.2004), ruling that the District Court erred in granting summary judgment to Allstate on the basis that Breeden voided his insurance policy through willful misrepresentation. Because the District Court had applied the wrong legal standard, this court remanded for application of the correct law. On remand, the District Court again granted summary judgment to Allstate, denied any pending motions as moot, and dismissed Breeden's counterclaims with prejudice. The insured again appealed.

## SUMMARY JUDGMENT STANDARD AND STANDARD OF REVIEW

A motion for summary judgment may be granted only where there is "no genuine

---

1. Breeden's insurance policy included the following provision:
   *Concealment, fraud.* This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof, or the interest of the insured therein, or in face of any fraud or false swearing by the insured relating thereto.

2. Allstate contended that Breeden's cousin had installed insulation that contributed to the fire damage and thereby activated policy restrictions.

issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When assessing the record to make this determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Courts must recognize that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Id.* at 255, 106 S.Ct. 2505.

This court reviews de novo the District Court's grant of summary judgment. *See, e.g., Suzuki Motor Corp. v. Consumers Union, Inc.,* 330 F.3d 1110, 1131 (9th Cir. 2003), *cert. denied,* 540 U.S. 983, 124 S.Ct. 468, 157 L.Ed.2d 373.

### DISCUSSION

#### A. Avoidance of Policy as a Matter of Law

█ Fire insurance policies in Oregon, and their avoidance due to misrepresentation, are governed by Title 56, Chapter 742 (the "Insurance Code" or the "Code"), of the Oregon Revised Statutes. *See* Or.Rev. Stat. § 742.001 *et seq.* (2006). The Insurance Code specifies that all fire insurance policies must contain the following provisions:

[T]his entire policy shall be void if, whether before or after a loss, the in-

sured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

*Id.* § 742.208(1). The Code limits avoidance through misrepresentation to circumstances in which the insurer can "show that the representations are material and that the insurer relied on them." *Id.* § 742.208(3).[3]

The insurer bears the burden of proof with respect to each element of its claim of avoidance. *See Eslamizar v. Am. States Ins. Co.,* 134 Or.App. 138, 894 P.2d 1195, 1198 (1995) (ruling that insurer must establish reliance). Under the Code, the relevant requirements for voiding a fire insurance policy due to misrepresentation can be distilled to the following elements: (1) the insured has willfully; (2) concealed or misrepresented; (3) a material fact or circumstance; (4) concerning the insurance or the subject thereof; (5) the representations are material; and (6) the insurer relied on the misrepresentations. Or.Rev. Stat. § 742.208(1), (3). The elements are defined by common law. *See Eslamizar,* 894 P.2d at 1198 (holding that "reliance" under the Code has the same meaning as "it ordinarily [does] as an element of a common law fraud claim").

In this case, there are disputed issues of fact concerning the extent of the misrepresentations, whether the facts and representations were material, and whether Allstate relied on the representations that

**3.** Allstate's fire insurance policy includes the language of § 742.208(1) of the Code but omits the language required by subsection (3). However, the statute specifies that if a fire insurance policy contains any omission in violation of the Code, the policy shall be construed as if in full compliance. Or.Rev.Stat. § 742.038. Therefore, in ruling on this summary judgment motion, the court will analyze the fire insurance policy as if it contained the full language of § 742.208.

were made. Therefore, summary judgment must be denied.

First, while there is no genuine dispute as to whether Breeden "bumped up" the value of certain items of furniture, the specifics and the extent of Breeden's misrepresentations remain contested. The circumstances surrounding Breeden's representations remain disputed, as do the actual values of the items at issue. Additionally, reasonable minds may differ as to whether the misrepresentations were willful given Breeden's allegations that he prepared his inventory list in accordance with instructions of Allstate representatives.

The circumstances surrounding Breeden's sofa exemplify the factual disputes with which this case is riddled. Allstate maintains that Breeden listed his three-piece sofa as a seven-piece item of much higher value. Breeden explains that he had identified the correct item to the store representative assisting him with his inventory compilation, but the representative described the couch as a seven-piece because of its built-in tables and chairs. To the extent that Breeden listed the couch and other items at current prices instead of at their original costs, Breeden insists that Allstate adjuster Greg Richards had suggested he do so. There remain disputed issues of fact concerning this misrepresentation and all others alleged by Allstate.

Second, materiality "is a question for the jury when reasonable minds can differ as to its existence." *Mayflower Ins. Exch. v. Gilmont,* 280 F.2d 13, 17 (9th Cir.1960). Where an insured makes a misrepresentation in the context of an investigation of a claim on an existing policy, the misrepresentation is material if "relevant and germane to the insurer's investigation as it was then proceeding." *Callaway v. Sublimity Ins. Co.,* 123 Or.App. 18, 858 P.2d 888, 890 (1993) (quotation omitted). The

materiality of an overvaluation is a fact-sensitive question that depends on the actual value of the lost property and the difference between that value and the amount claimed. If Breeden's couch were worth $5,000 and he had claimed a value of $5,001, that misrepresentation probably would not have been "relevant and germane to the insurer's investigation." *Callaway,* 858 P.2d at 890. Reasonable people may disagree about the point at which to distinguish material from immaterial discrepancies, and in this case the actual values and discrepancies remain unresolved. The issue of materiality must therefore be left to a jury.

Third, to avoid an insurance policy due to misrepresentation, an insurer must show reliance, to wit, that the insurer "has acted or refrained from acting to [its] detriment." *Eslamizar,* 894 P.2d at 1198 *(citing Riley Hill Gen. Contractor v. Tandy Corp.,* 303 Or. 390, 737 P.2d 595 (1987)); *see* Or.Rev.Stat. § 742.208. Allstate contends that it can establish reliance as a matter of law, because it issued advance payments to Breeden and conducted investigations to verify his alleged losses. While undisputed, these facts do not necessarily establish reliance. With regard to the advanced payments, Breeden submitted evidence that Allstate representatives were not deceived and instead issued amounts they felt comfortable dispensing based on their independent judgments as to what was owed. As for the latter claim, the Supreme Court of Oregon has refused to recognize investigation alone as reliance. *See Chaney v. Fields Chevrolet Co.,* 258 Or. 606, 484 P.2d 824, 826–27 (1971) (holding, as a matter of law, there was no reliance and no fraud where plaintiff knew all along that defendant's claim was inaccurate, conducted investigations, and never paid on defendant's claim). As Allstate's Advance Payment Agreement expressly

states, Allstate bears an obligation to investigate claims; fulfilling this duty cannot constitute detrimental reliance.

Allstate insists that it incurred greater investigative costs than it would have had Breeden not made misrepresentations. But Allstate has submitted no evidence concerning the time and costs of a typical investigation of claims, no quantification of the resources expended in Breeden's case, and no comparison of such figures. It offers only the conclusory statement of an Allstate representative; this bald assertion cannot establish reliance as a matter of law. Additionally, even if Allstate did devote increased resources to the investigation of Breeden's case, it is not at all clear how much of the extra expenses were prompted by or devoted to Allstate's original avoidance theory, that Breeden was at fault for the fire due to insulation his cousin had installed in the house, rather than due to Breeden's overvaluation of his possessions.

Because there remain numerous disputed issues of fact, this case must be tried before a jury. The grant of summary judgment to Allstate is hereby reversed and the denial of summary judgment to Breeden is hereby vacated.

### B. Remaining Issues

■ Breeden raises the following additional issues on appeal: (a) whether the District Court erred in dismissing his counterclaims of breach of contract, negligence or intentional bad faith in the administration of his claim, and intentional or reckless infliction of emotional distress; (b) whether the District Court erred by denying Breeden's motion for partial summary judgment with respect to dwelling coverage; (c) whether the District Court erred in denying Breeden's motion for partial summary judgment granting him policy limits for his lost personal property and his dwelling; (d) whether the District Court erred in denying Breeden's motion for partial summary judgment regarding his right to include within his own claim the personal property of fiancée Kim Hardin; (e) whether the District Court erred in denying Breeden's motion to compel production of documents; and (f) whether this Court should grant Breeden's motion to unseal documents submitted to the District Court for *in camera* review. Appellant's Br. I.

Allstate contends that, pursuant to the doctrine of the law of the case, *Breeden I* precludes review of these questions. The doctrine of the law of the case generally prevents reconsideration of issues that the same or a higher court already decided in the same case. *See, e.g., Rebel Oil Co. v. Atl. Richfield Co.,* 146 F.3d 1088, 1093 (9th Cir.1998). However, for the doctrine of the law of the case "to apply, the issue in question must have been decided explicitly or by necessary implication" in the previous opinion. *Milgard Tempering, Inc. v. Selas Corp. of Am.,* 902 F.2d 703, 715 (9th Cir.1990) (quotation omitted). *Breeden I* determined only that: (1) under Oregon law, it was error to rely on an automobile insurance rule when determining whether fire insurance policies were void due to misrepresentation; (2) under Oregon Revised Statutes, Section 746.640 (2004), the requirement that an insurer give specific reasons for denial of claims applies to decisions regarding whether to provide coverage, not decisions regarding whether to cover claims under existing policies; and (3) Breeden lacked standing to assert a claim that Allstate breached its contract with the bank mortgagee that foreclosed on Breeden's home. No other issues were addressed in the court's decision; therefore, the doctrine of the law of the case is inapplicable.

The District Court never explicitly addressed the additional issues that Breeden raises on appeal; the court disposed of all but the motion to unseal[4] solely on the premise that the governing insurance policy was void as a matter of law. Because we hold that the summary judgment for Allstate must be reversed, all rulings based upon the summary judgment shall be vacated, and this case shall be remanded for full consideration of all remaining issues.

**REVERSED in part, VACATED in part, and REMANDED.**

---

**4.** Breeden moved this court for an order directing the District Court to unseal documents that were previously submitted to the District Court for *in camera* review. The documents had been the subject of a motion to compel before the *District Court,* which neither granted nor denied the motion to compel but forwarded the documents to this court for our in camera review. In Breeden's motion to unseal, Breeden urged this court to unseal

the documents so he might utilize them on appeal. We find that the motion to unseal does not affect the disposition of the case on appeal, and we remand for the District Court to issue a decision concerning the initial motion to compel.