Argued and submitted October 9, 1987, affirmed April 20, reconsideration denied June 10, petition for review denied August 2, 1988 (306 Or 414)

ROSSI,
*Appellant,*

*v.*

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
*Respondent.*

(16-84-06629; CA A41936)

752 P2d 1298

Robert J. Guarrasi, Eugene, argued the cause for appellant. With him on the briefs was Malagon & Moore, Eugene.

Donald A. Loomis, Eugene, argued the cause for respondent. With him on the brief was Loomis & Tomlinson, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action against defendant, her automobile insurer, after it refused to pay a number of her claims arising out of an automobile accident. The trial court granted defendant's motions to dismiss most of the "causes of action" in plaintiff's complaint and amended complaints on the ground that they failed to state facts sufficient to constitute claims. The principal basis for those rulings was that plaintiff alleged tort theories in the challenged claims, but only contract relief was available to her. Plaintiff also pleaded a breach of contract claim in which she sought damages and attorney fees under ORS 743.114. Included in the attorney fees sought were those that she incurred in an arbitration proceeding, which she initiated and pursued successfully and which she understands to have been a "prerequisite to the institution of this litigation." The trial court granted defendant's motion to strike the allegation pertaining to attorney fees for the arbitration proceeding. The court then entered a judgment dismissing one of the three claims in plaintiff's second amended complaint with prejudice and a stipulated judgment dismissing her other claims, including the contract claim, without prejudice. Plaintiff appeals. We affirm.

Six of plaintiff's seven assignments of error challenge the dismissal of her claims which alleged common law or purported statutory torts by defendant and its agents. However, under the facts alleged in the complaints, plaintiff was not entitled to proceed on any of her tort theories, and any judicial recourse she might have is by an action on the contract. *See Farris v. U.S. Fid. and Guar. Co.,* 284 Or 453, 587 P2d 1015 (1978); *Employers' Fire Ins. v. Love It Ice Cream,* 64 Or App 784, 670 P2d 160 (1983). Plaintiff relies on *Porter v. Utah Home Fire Insurance Co.,* 58 Or App 729, 650 P2d 130 (1982), as support for the contrary conclusion. However, the language in *Porter* to which she points was disavowed in *Love It Ice Cream.* 64 Or App at 791.

Plaintiff also challenges the dismissal of her "outrageous conduct" claim. We hold that no claim was stated by plaintiff. Her allegations show nothing more than a typical disagreement between an insurer and an insured over the existence of compensable events and the amount of compensation. None of the specific conduct that plaintiff alleges that

defendant and its agents committed approached bad faith, egregiousness or the limits of social toleration. *See State Farm Ins. Co. v. Berg,* 70 Or App 410, 689 P2d 959 (1984), *rev den* 298 Or 553 (1985).

■    In her remaining assignment, plaintiff ascribes error to the court's striking of her claim for reasonable attorney fees which she incurred in the arbitration proceeding. ORS 743.114 provides, in pertinent part:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and *an action is brought in any court* of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal therefrom." (Emphasis supplied.)

Defendant argues, in essence, that the striking of the allegation is not reviewable, because the contract claim through which plaintiff sought attorney fees has been dismissed without prejudice. We agree. Whether the fees incurred in the arbitration proceeding may be included in any attorney fees which plaintiff might recover in an action on the contract cannot be determined at this time, because no such action is pending. *See Meadowbrook v. Groves,* 60 Or App 26, 652 P2d 842 (1982). Regardless of what fees may be *included* in an award under ORS 743.114, it is clear that an award under that statute can only be *made* by a court in an action on an insurance contract.

Affirmed.