Argued and submitted November 5, reversed and remanded on appeal; affirmed on cross-appeal December 26, 1990

Larry WICK
and Mary Wick, husband and wife, individually
and as the natural parents and guardians of
Nathan Wick and Autumn Wick, minor children;
and James C. Wilson, Jr., guardian
ad litem for Ryan McMullen, a minor,
*Appellants - Cross-Respondents,*

*v.*

VIKING INSURANCE COMPANY,
*Respondent - Cross-Appellant.*

(88-3487-L-1; CA A63868)

803 P2d 1199

Kelly L. Andersen, Central Point, argued the cause for appellants - cross-respondents. With him on the briefs was Richardson & Andersen, P.C., Central Point.

Garrison F. Turner, Ashland, argued the cause for respondent - cross-appellant. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Ashland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Plaintiffs are the insureds of defendant automobile insurer. They appeal, and defendant cross-appeals, from the trial court's denial of costs and attorney fees under ORS 742.061[1] in a declaratory judgment action arising out of a dispute over the amount of underinsured motorist payments that plaintiffs are entitled to receive. We reverse on the appeal and affirm on the cross-appeal.

Plaintiffs were injured in an accident with an under-insured driver. They received a total of $21,000 from the other driver's insurer. After plaintiffs failed to reach agreement with defendant, they brought this action, contending that they are entitled to aggregate underinsured motorist benefits of approximately $44,000. Defendant's policy provides underin-sured motorist coverage of $25,000 per claimant and $50,000 per occurrence. Plaintiffs contend that, within those limits, they are entitled to benefits calculated on the basis of each plaintiff's injuries, less the amounts distributed to each from the other insurance. Defendant contends that, under the con-tract and applicable statutes, plaintiffs are entitled only to the $50,000 policy limits, less the $21,000 that they received col-lectively from the other insurance. Defendant maintains that that amount should be further reduced by the PIP payments that it made to plaintiffs, which amounted to approximately $24,000.

Defendant filed an answer, with affirmative defenses and a counterclaim through which it advanced its contentions on the two legal issues. It also filed a motion to abate the action partially to allow arbitration pursuant to the policy and relevant statutory provisions. The motion stated, in part:

> "The Court should proceed to issue an order abating the action, only with respect to determination of the amount of damages Plaintiffs have suffered and the amount of contract benefits they are entitled to. Defendant Viking has elected in writing to arbitrate the amount of damages, as is its right under the policy, therefore requiring the abatement requested here.
>
> "The Court can, and should, proceed to determine all of

---

[1] Some of the relevant statutes have been renumbered since the time of the underlying events. We refer to them as they are presently codified.

the other issues raised by the affirmative defenses and counterclaim. Indeed, those issues need to be resolved so that the arbitrators, having determined the gross amount of Plaintiffs' entitlement to underinsured motorist benefits, can then appropriately apply whatever offsets and deductions the Court finds Defendant entitled to in this declaratory judgment proceeding."

Plaintiffs agreed, and the court granted the motion. After the arbitrators calculated the "gross" damages, plaintiffs submitted the arbitrators' decision to the trial court. The procedure that was then followed was outlined in a letter to the court from defendant's attorney:

"Because we are following what I believe is technically a hybrid procedure in this case, by consent of the parties and the Court, I thought it would be a good idea to describe that procedure 'for the record' since we have no record of it as discussed both at the arbitration proceeding and before you today.

"[Plaintiffs' attorney] has provided you with a copy of the arbitrators' award. The damages awarded are gross damages, without regard to deductions, offsets, or limits that may be imposed by the Viking policy. [Plaintiffs' attorney] and I have agreed that you are to decide the issues raised by the counterclaim of Viking Insurance concerning policy construction and interpretation. We have further agreed that, once you have ruled on those declaratory issues, you will then perform the necessary calculations to come up with net awards under the policy, if any, to the five individual Wick claimants.

"This seems to be the most expeditious and logical way to handle the matter given the fact that we will not have to go back to the arbitrators to have them amend their award based on your ruling, and then send the award back to you with a request to enter judgment."

The trial court then decided the legal issues on the parties' cross-motions for summary judgment. It agreed with defendant that the underinsured motorist benefits available under the contract were limited to $29,000. It agreed with plaintiffs that the PIP payments could not be deducted from that amount. The court entered a judgment for $29,000. However, it denied plaintiffs' petition for costs and attorney fees, explaining:

"There are two aspects of the case:

"The amount of damages was decided in arbitration after plaintiffs' complaint was partially abated. It is true that plaintiff has ultimately a right to jury trial and that filing a complaint was not in the usual sense legal error[;] it would, however, be inconsistent with the arbitration concepts involved and to some degree defeating of those concepts to award attorney fees or arbitration fees for any portion of the determination of damage proceedings as they occurred in these proceedings.

"The second aspect of the case involved an interpretation under the policy, case law and statutes, of the amount to be awarded to apply towards the damages found by the arbitration panel.

"Although in form the Court made an award of damages it, in fact, only did an interpretation where the two parties had conflicting views. The Court's interpretation did not entirely agree with either party and it would be inappropriate to consider either to be a prevailing party so as to be entitled to attorney fees."

ORS 742.061 provides, as material:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

However, ORS 742.504(10) provides that, in arbitration proceedings held pursuant to it,

"the costs to the insured of the arbitration proceeding shall not exceed $100 and * * * all other costs of arbitration shall be borne by the insurer. 'Costs' as used in this provision shall not include attorney fees * * *."

■     Plaintiffs contend that they recovered damages in an action that exceeded any amount tendered by defendant and that they are, therefore, entitled to costs and attorney fees under ORS 742.061. Defendant argues that the damages were determined by the arbitrators, that the trial court decided only legal issues, not damages, and that the court simply integrated the arbitrators' award into its judgment in much the same way

that it would in a proceeding to enter a judgment on an award under ORS 36.300 *et seq.* Defendant asserts:

> "Although plaintiffs initially filed an action, the plaintiffs' Complaint was ordered abated. Plaintiffs' entitlement to damages arose by virtue of an *arbitrator's award* not as a result of an action. As the facts clearly show, there were two aspects to the disputes between plaintiffs and defendant. The amount of each plaintiff's damages was decided by arbitrators pursuant to [an] ORS 742.504(10) arbitration ordered by the trial court in its Order abating plaintiff's Complaint. A declaratory judgment action, made via to defendant's counterclaim in this case, was heard and the legal issues raised were decided by the Court.
>
> "Plaintiff's ploy here is to obscure the procedure, ignore the trial court's orders, and exalt form over substance, hoping to create a right to attorney fees where none exists." (Emphasis defendant's.)

Defendant was entitled, under the contract and the statute, to demand that the entire dispute be resolved by arbitration. It did not do that but, rather, devised what it described as a "hybrid procedure," in which the court as well as the arbitrators played a role. Defendant attempts to draw a sharp line between the damages computed by the arbitrators and the legal issues decided by the court. However, the legal issues that the court decided were as integral to the determination of damages as were the raw figures produced by the arbitrators. The court's rulings resolved what damages were legally and contractually recoverable, and the arbitrators' figures were intended to be and were adjusted accordingly in the judgment.

■ Defendant also contends that, because plaintiffs' action was abated, they are not entitled to costs and attorney fees under ORS 742.061, which contemplates a recovery only in an action. However, the action was only partially abated; defendant's affirmative defenses and counterclaim were litigated, and they presented the same underlying question as did plaintiffs' complaint, *i.e.,* the amount of underinsured motorist benefits that plaintiffs were legally entitled to receive.

■ Moreover, it is immaterial for purposes of ORS 742.061 whether plaintiffs prevailed on their own claim or on

defendant's counterclaim. The court said in *Travelers Insurance Co. v. Plummer,* 278 Or 387, 391, 563 P2d 1218 (1977):

"[T]he claimant under an insurance policy is entitled to the statutory attorney fees if he establishes a claim for more than the tendered amount on his initiative, either as a plaintiff or as a defendant who emerges with a money 'recovery' in his favor."

The issue in *Plummer* was whether the insured was entitled to attorney fees when he prevailed on his counterclaim, rather than in an action that he instituted. However, the court's reasoning is equally applicable here, where the insureds instituted the action and, technically, recovered by virtue of the rulings on defendant's counterclaim rather than on the complementary issue raised by their own claim.

■      Defendant next argues that plaintiffs were not entitled to costs. It reasons that ORS 742.061 relates only to attorney fees; that, to recover costs also, plaintiffs had to be the prevailing parties and that, because plaintiffs recovered $29,000 rather than the $44,000 they sought, "plaintiffs 'lost,' but not as much as they might have." Assuming without deciding the correctness of defendant's premises, its conclusion is wrong. We do not agree that a plaintiff is not the prevailing party if it recovers a substantial money judgment, albeit for a lesser amount than it asked. Defendant also argues that, under ORCP 68B, the trial court had discretion not to award costs to the prevailing party. *See Rogerson v. Baker,* 56 Or App 748, 750, 642 P2d 1216 (1982). However, the court did not exercise that discretion here. It denied costs on the basis of its incorrect conclusion that neither party had prevailed.

In its cross-appeal, defendant argues that it should have been designated the prevailing party and awarded costs. Its argument is the mirror image of its argument that plaintiffs were not the prevailing parties. We affirm on the cross-appeal.

■      We agree with plaintiffs that they are entitled to costs, disbursements and reasonable attorney fees incurred in connection with the action. However, we do not agree with their argument that they may recover attorney fees in the action for services attributable to the arbitration. ORS 742.504(10) flatly prohibits attorney fees in the arbitration proceedings to which it applies, and the fact that the trial

court used the arbitrators' raw figures in computing damages in the action does not alter that.[2]

Reversed and remanded on appeal; affirmed on cross-appeal.

---

[2] We express no view about whether arbitration services can be included in attorney fee awards under ORS 742.061 when ORS 742.504(10) or similar statutes are not involved. *See Rossi v. State Farm Mutual Auto Ins. Co.,* 90 Or App 589, 752 P2d 1298, *rev den* 306 Or 414 (1988).