**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALLSTATE INSURANCE COMPANY,
an Illinois corporation,

          Plaintiff - Appellee,

  v.

RALPH B. BREEDEN,

          Defendant - Appellant.

No. 09-35626

D.C. No. 3:01-cv-01686-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted October 5, 2010
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

    Ralph Breeden ("Breeden") appeals the district court's judgment in favor of

Allstate Insurance ("Allstate") following a jury's verdict in favor of Allstate. He

challenges several of the district court's rulings relating to the trial. Breeden also

argues that the court erred in granting summary judgment in favor of Allstate on

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

his counterclaim, and appeals the district court's denial of his post-verdict motion for judgment as a matter of law and a new trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. Finding no error in any of the district court's rulings, we affirm. We address each of Breeden's contentions below.

1.      First, Breeden contends that the district court's jury instructions on the issue of reliance were erroneous, and that the court erred in rejecting his proposed instructions. We reject these arguments.

Breeden's fire insurance policy with Allstate is governed by its terms and Oregon's Fire Insurance Code, Or. Rev. Stat. § 742.200 *et seq*. ("Code"). To the extent that the policy—as drafted by Allstate—does not include provisions required under Oregon law, it must be construed and applied as if it were in full compliance with the Code. Or. Rev. Stat. § 742.038. To avoid payment of a claim on a policy because of the insured's misrepresentations, "the insurer must show that the representations are material and that the insurer relied on them." Or. Rev. Stat. § 742.208(3). In such circumstances, the "entire policy shall be void." Or. Rev. Stat. § 742.208(1).

The phrase "relied on" means "what it ordinarily means in the common law fraud context." *Eslamizar v. Am. States Ins. Co.,* 894 P.2d 1195, 1198-1200 (Or. Ct. App. 1995). Thus, to prevail on its claim of misrepresentation under §

742.208(3), Allstate was required to present "some evidence of a detrimental action or change in position." *Id.* at 1199.

At trial, the court rejected Breeden's jury instructions regarding the element of reliance on Allstate's misrepresentation claim. We review a district court's formulation of jury instructions for an abuse of discretion, and we review de novo whether a jury instruction misstates the law. *Wall Data Inc. v. L.A. County Sheriff's Dep't,* 447 F.3d 769, 784 (9th Cir. 2006).

The district court's Jury Instruction No. 12 recited Or. Rev. Stat. § 742.208(1) nearly verbatim. Similarly, Jury Instruction No. 15 was closely patterned on language from *Eslamizar*. Contrary to Breeden's argument, *Eslamizar* does not require Allstate to show it believed Breeden's misrepresentations in order to establish that it relied on those misrepresentations. Nothing in the court's other jury instructions misstated the law with respect to the question of reliance. Therefore, we conclude that the district court's instructions were proper and that the court did not err in rejecting Breeden's proposed jury instructions.

2.    Next, Breeden challenges the district court's denial of his motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), and alternative motion for a new trial under Federal Rule of Civil Procedure 59. When

3

the evidence—viewed in the light most favorable to the non-moving party—allows only one reasonable conclusion as to the verdict, a judgment as a matter of law is proper. *Rudiger Charolais Ranches v. Van De Graaf Ranches,* 994 F.2d 670, 672 (9th Cir. 1993). We review de novo a denial of a motion for judgment as a matter of law. *Harper v. City of L.A.*, 533 F.3d 1010, 1021 (9th Cir. 2008). We review the denial of a motion for a new trial for an abuse of discretion. *Merrick v. Paul Revere Life Ins. Co.,* 500 F.3d 1007, 1013 (9th Cir. 2007).

We look to *Eslamizar* for guidance on what evidence satisfies the reliance requirement in Or. Rev. Stat. § 742.208. Viewing the evidence presented at trial in the light most favorable to Allstate, the evidence established that Allstate relied on Breeden's misrepresentations for some period of time. Allstate continued to give him the benefit of the doubt after suspicions arose when it advanced him money that it would not otherwise have given him. Allstate also lost the opportunity to investigate adequately the cause of the fire and ultimately incurred extra investigative expenses as a result of Breeden's misrepresentations. Therefore, the district court properly denied Breeden's Rule 50(b) and Rule 59 motions as to the issue of Allstate's reliance.

3.	Breeden also argues that the district court should have granted his Rule 50(b) and 59 motions because, under Oregon law, his insurance policy should be

4

treated as divisible and therefore any misrepresentations on his part should have voided only the personal property coverage and not the coverage for his real property. The policy's language—which is required by Or. Rev. Stat. § 742.208(1)—is plain with respect to Allstate's ability to avoid payment due to misrepresentation: "[T]his entire policy shall be void." It is a bedrock principle of statutory interpretation that courts "best effectuate the legislative intention by giving effect to the plain, natural, and ordinary meaning of" words. *State v. Clum,* 171 P.3d 980, 986 (Or. Ct. App. 2007) (internal quotations omitted). Thus, there is little room for disagreement about the phrase at issue. The "entire policy shall be void" has a clear and natural meaning. Breeden's policy was not divisible between real and personal property; the governing statute required that the misrepresentations about his personal property also void his real property coverage. Therefore, we find no error with the district court's denial of his motions on this issue.[1]

**4.** Breeden next argues that the district court should have granted his Rule 50(b) and 59 motions because it abused its discretion when it granted Allstate's motion to amend its complaint. Breeden only raised this issue in a heading in his

---

[1] Because Breeden's policy was void and not divisible, we need not address (1) whether Allstate must pay the policy limits without proof of loss and (2) whether the policy covered Ms. VanAntwerp's personal property.

opening brief before this court; he made no additional argument and cited no authority for his position. Because Breeden did not argue his "contentions and the reasons for them, with citations to the authorities and parts of record on which [he] relie[d]," we have no basis for concluding that the district court erred. Federal Rules of Appellate Procedure, 28(a)(9)(A). Even overlooking this deficiency in Breeden's brief, we conclude that the district court did not abuse its discretion when it denied Breeden's motion to strike Allstate's third amended complaint, but allowed Breeden to file a motion in limine and only admitted the evidence Breeden objected to for the purpose of showing misrepresentation. Therefore, we find no error with the district court's denial of his motions on this issue.

5.     Breeden also challenges the district court's ruling on his Rule 50(b) and 59 motions with respect to its decision to bifurcate the trial. The court, on its own motion, bifurcated the trial between liability and damages phases. We review the district court's decision to bifurcate a trial for abuse of discretion. *Counts v. Burlington N. R. Co.*, 952 F.2d 1136, 1139 (9th Cir. 1991). Federal Rule of Civil Procedure 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." *See generally, M2 Software, Inc. v. Madacy Entm't,* 421 F.3d 1073, 1088 (9th Cir. 2005); *Exxon Co. v. Sofec, Inc.,* 54 F.3d 570, 575 (9th Cir.

6

1995), *aff'd,* 517 U.S. 830 (1996).

Allstate's liability under the disputed insurance policy was a dispositive issue; the jury's verdict on Allstate's misrepresentation claim obviated the need for a jury trial on Breeden's claims for damages, which properly served the goals of Rule 42(b). We therefore conclude that the district court did not abuse its discretion in bifurcating the trial and did not err in denying Breeden's Rule 50(b) and Rule 59 motions on this issue.

6.     Breeden also challenges an evidentiary ruling by the district court. The court ruled that the evidence relating to Breeden's foreclosure and mortgagee was not relevant to any issue remaining in the case at the time of the trial, and excluded it. We review a district court's decisions to admit or exclude evidence for abuse of discretion, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384  (2008). Having carefully reviewed the record, we find no abuse of discretion here because the evidence excluded bore no relationship to whether Breeden made material misrepresentations regarding his personal property losses.

7.     Finally, Breeden argues that the district court erred in granting summary judgment on his counterclaim for intentional infliction of emotional distress ("IIED"). We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. *Long*

*Beach Area Chamber of Commerce v. City of Long Beach*, 603 F.3d 684, 689 (9th Cir. 2010). Oregon courts have previously rejected IIED claims where the conduct at issue was an insurance company denying benefits to an individual. *State Farm Mut. v. Berg,* 689 P.2d 959 (Or. Ct. App. 1984); *Rossi v. State Farm Mut.,* 752 P.2d 1298 (Or. Ct. App. 1988). Breeden's IIED claim against Allstate cannot be meaningfully distinguished from the claims the Oregon Court of Appeals rejected in *Berg* and *Rossi.* The material undisputed facts alleged in Breeden's IIED claim are equivalent: an insurance company disputing the amount of coverage it owes to a beneficiary, and that dispute resulting in significant financial and emotional hardship for the beneficiary. Thus, in light of *Berg* and *Rossi,* the district court did not err in granting summary judgment to Allstate on Breeden's IIED claim.

**AFFIRMED.**