Argued and submitted April 16, 2019, reversed and remanded July 8, petition for review denied December 10, 2020 (367 Or 290)

Richard BERGER,
*Plaintiff-Respondent,*

*v.*

SAFECO INSURANCE COMPANY
OF OREGON,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CV28625; A167466

470 P3d 420

In an action to recover benefits pursuant to an underinsured motorist policy, the trial court awarded plaintiff attorney fees under ORS 742.061(1) after it determined that defendant had forfeited the protection of the so-called "safe harbor" provision, ORS 742.061(3). ORS 742.061(3) exempts an insurer from an attorney fee award under ORS 742.061(1), so long as the insurer contests only the liability of the uninsured motorist and the damages due to the plaintiff. The trial court determined that defendant left the safe harbor by raising plaintiff's comparative fault as a defense because, in its view, plaintiff's fault and the underinsured motorist's fault are entirely separate issues. On appeal, defendant challenges that conclusion, arguing that plaintiff's fault plays an integral role in determining the underinsured motorist's liability. Rather than defend the trial court's reasoning, plaintiff offers two alternative bases for the award. Plaintiff argues that defendant lost safe harbor protections in its answer by denying plaintiff's allegation that the other driver was underinsured and during discovery by denying that it had consented to plaintiff settling the case. *Held*: Defendant did not forfeit safe harbor protection. ORS 742.061(3)'s plain text and context both indicate that a plaintiff's comparative fault is part of the liability of the uninsured or underinsured motorist. Additionally, neither of plaintiff's alternative arguments resulted in an "actual dispute" that removes the protections of the safe harbor.

Reversed and remanded.

Leslie M. Roberts, Judge.

Thomas M. Christ argued the cause for appellant. Also on the briefs was Sussman Shank LLP.

Willard E. Merkel argued the cause for respondent. Also on the brief was Merkel & Associates.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Kamins, Judge.*

––––––––––––––

* Kamins, J., *vice* Hadlock, J. pro tempore.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

This appeal raises the issue of whether a defendant insurance company's actions during litigation—specifically raising the issue of its insured driver's comparative fault—subject it to an attorney fee award under the underinsured motorist (UIM) benefits statute. Plaintiff, an insured driver, prevailed in an action to recover UIM benefits under his automobile insurance policy with defendant, his insurer. At the conclusion of the case, the trial court awarded plaintiff attorney fees pursuant to ORS 742.061(1). Defendant assigns error to that award, contending that it qualified for the statutory "safe harbor" provision, ORS 742.061(3). Under that provision, a defendant insurer is not subject to a fee award if it limits the issues in dispute to the liability of the UIM and the damages owed. The trial court concluded that defendant's arguments challenging plaintiff's comparative fault exceeded those issues and removed the protections of the safe harbor. We conclude that defendant qualified for the safe harbor and reverse.

The facts underlying this appeal are undisputed. On August 17, 2013, plaintiff was operating his vehicle insured by defendant in a retail store parking lot when he was struck by another vehicle driven by an underinsured driver. Shortly thereafter, plaintiff submitted a claim to defendant for benefits under his insurance policy. On October 18, 2013, defendant responded via letter indicating among other things that,

> "[i]n the event that the other driver is uninsured or has liability insurance less than your underinsured motorist coverage, Safeco Insurance Company of Oregon accepts coverage and consents to submit the case to binding arbitration. The only issues in the binding arbitration will be the liability of the uninsured or underinsured motorist and the damages due to you."

Plaintiff opted to file this action against defendant rather than arbitrate.

As the case proceeded to trial, defendant filed its trial memorandum explaining that it would be "disputing that plaintiff is without fault for the subject collision." Defendant submitted a verdict form asking about plaintiff's

comparative fault and requested jury instructions on the issue, but the jury was ultimately given neither, as defendant had not asserted comparative fault as a defense in its answer. At trial, the jury awarded plaintiff $71,268.85, less $50,000 to offset the amount he had received in settlement with the underinsured driver's insurance company.

Plaintiff submitted a judgment to the court for $21,268.85, court costs, and attorney fees of $31,955.00 pursuant to ORS 742.061(1). Defendant objected to the portion of the judgment awarding attorney fees, arguing that its October 18th letter properly invoked the safe harbor's protections and that none of its arguments during litigation had gone beyond the scope of permissible issues.

In a letter opinion, the trial court rejected defendant's argument, explaining that defendant had left the safe harbor when it raised the issue of plaintiff's comparative fault. The court reasoned that "plaintiff's own negligence and his fault in the accident" (trial court's underscoring) is an entirely separate matter from "the liability of the uninsured or underinsured motorist."

On appeal, defendant contends that the trial court's ruling was in error. Defendant argues that the issue of plaintiff's fault falls within "the liability of the uninsured or underinsured motorist" because plaintiff's fault plays an integral role in determining the liability of the underinsured motorist. For the reasons that follow, we agree.

We review a trial court's ruling awarding attorney fees for legal error. *Berger v. State Farm Mutual Auto. Ins. Co.*, 290 Or App 485, 486, 415 P3d 77, *rev den*, 363 Or 390 (2018). Whether defendant's arguments removed it from the protections of the safe harbor presents a question of statutory interpretation. *See Spearman v. Progressive Classic Ins. Co.*, 361 Or 584, 590, 396 P3d 885 (2017) (recognizing that whether the defendant's argument fell within the safe harbor was an issue of statutory interpretation). Accordingly, our analysis tracks the framework set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), as modified in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). Under that framework, we examine the text of the statute and the context in which it appears, as well as any

helpful legislative history, in order to ascertain the legislature's intent. *Gaines*, 346 Or at 171-72.

ORS 742.061(3) permits a defendant to contest "the liability of the uninsured or underinsured motorist" without leaving the safe harbor. To answer the question of whether defendant left the safe harbor by raising the issue of plaintiff's comparative fault, we must determine whether plaintiff's fault is part of the "liability" of the underinsured motorist. Because the word "liability" is a legal term of art with a well-established, specialized definition, we turn to a legal dictionary to understand the meaning most likely intended by the legislature. *See State v. McNally*, 361 Or 314, 322, 392 P3d 721 (2017) (explaining that we refer to a legal dictionary to define legal terms of art); *cf. Dept. of Rev. v. Croslin*, 345 Or 620, 628, 201 P3d 900 (2009) (explaining that "damages" is a specialized legal term which must be defined according to a legal dictionary). As a practical matter, however, the legal and nonlegal definitions of "liability" are the same.

The legal dictionary defines the term "liability" as "[t]he quality, state, or condition of being legally obligated or accountable." *Black's Law Dictionary* 1097 (11th ed 2019); *see also Webster's Third New Int'l Dictionary* 1302 (unabridged ed 2002) (defining "liability" as "the quality or state of being liable" and being "liable" as being "bound or obligated according to law or equity"). Accordingly, under the plain text of ORS 742.061(3), an insurer seeking the protection of the safe harbor is limited to arguing about the underinsured driver's obligations under the law.

Under Oregon law, in a case arising out of an automobile accident, one driver's comparative fault is an integral part of the analysis in determining the other driver's obligations under the law. ORS 31.600(1) provides that any damages a defendant would otherwise owe to a plaintiff are reduced in proportion to the plaintiff's fault or eliminated altogether if plaintiff's fault exceeds the combined fault of the defendant and other parties listed in the statute. It follows that, in an accident between an underinsured driver and a plaintiff, an argument that the plaintiff is partially at fault for the collision necessarily *is* an argument about the extent of the underinsured driver's obligations. Therefore,

under the plain text of ORS 742.061(3), plaintiff's fault is part of "the liability of the uninsured or underinsured motorist."

The context of ORS 742.061(3) provides additional support for our conclusion. The same chapter includes a provision setting out the minimum requirements for UIM policies in Oregon. Under ORS 742.504(1)(a), an insurer providing a UIM policy is required to pay for all amounts that a plaintiff would be "legally entitled to recover as damages from" the underinsured motorist.[1] Paragraph (2)(j) defines the amounts a plaintiff would be "legally entitled to recover as damages" as those that the plaintiff "could have recovered in a civil action from the owner or operator at the time of the injury *after determination of fault or comparative fault* and resolution of any applicable defenses." ORS 742.504(2)(j) (emphasis added). Taken together, those paragraphs demonstrate that the legislature intended a determination of comparative fault to be part of the analysis of the underinsured motorist's legal obligations. Accordingly, we conclude that the issue of plaintiff's fault falls within "the liability of the uninsured or underinsured motorist" under ORS 742.061(3).

Plaintiff does not defend the trial court's reason for awarding attorney fees and instead advances two alternative arguments in support of the conclusion that defendant left the safe harbor, which we consider as proffered alternative bases to affirm. *See State v. Lovaina-Burmudez*, 257 Or App 1, 14, 303 P3d 988, *rev den*, 354 Or 148 (2013) (describing circumstances in which we will address an alternative basis to affirm that was raised below but not decided by the trial court). First, plaintiff contends that defendant's answer to the complaint disputed whether the other driver was underinsured. Paragraph 5 of plaintiff's complaint alleged that "the aforesaid accident was caused by an underinsured vehicle and motorist as defined in Defendant's automobile insurance policy." In its answer, defendant admitted that the other driver "purchased an insurance policy from

---

[1] Although ORS 742.504(1)(a) only refers to actions against uninsured, as opposed to underinsured motorists, paragraph (4)(d) extends the same requirements to underinsured motorist cases once the limits of the underinsured driver's policy have been exhausted.

American Family Insurance, which may or may not have included liability [i]nsurance" but otherwise asserted that "[d]efendant lacks knowledge as to admit or deny the rest and remainder of paragraph 5 of Plaintiff's Complaint [and], therefore, denies." Plaintiff argues that by denying the "rest and remainder" of paragraph 5, defendant's answer did not admit that the underinsured driver was underinsured, and therefore raised an issue outside the safe harbor.

Second, plaintiff argues that defendant's discovery responses raised another impermissible issue. Early in discovery, plaintiff requested the following admission:

> "**Request No. 13**:   Admit that Defendant consented to the settlement of Plaintiff's claim against the tortfeasor who caused the traffic accident of August 17, 2013 while preserving his underinsured motorist claim.
>
> "**Response**:   Deny."

According to plaintiff, the policy requires defendant's consent to any settlement with an underinsured motorist in order to accept coverage. Thus, by denying that it had given plaintiff consent to settle, defendant raised a coverage issue outside the safe harbor.

Both of plaintiff's arguments fail for the same reason: neither of those references materialized into an issue in dispute. We have previously recognized that the plain language of ORS 742.061(3) only disqualifies a defendant from the fee exemption if the defendant raises "issues" outside the scope of the safe harbor. *Robinson v. Tri-Met*, 277 Or App 60, 72, 370 P3d 864 (2016), *rev den*, 361 Or 886 (2017). "Issues," in turn, is limited to matters about which there is an "actual dispute" that "requires resolution." *Id.* Therefore, a defendant's reference to an impermissible matter only removes the protections of the safe harbor if it develops into an actual dispute. *Id.* at 73.

In *Robinson*, the defendant asserted in its answer that any UIM benefits available to the plaintiff were subject to offset based on recoveries from collateral sources. *Id.* at 63, 69. However, the defendant's reference in the answer to an offset never developed into an actual dispute between the parties. *Id.* at 73. The issue of an offset was never litigated

during arbitration or otherwise "developed, disputed, or decided" beyond the single reference in the answer. *Id.* Instead, the record as a whole reflected that the defendant "adhered to its repeated statements—in its letter, answer, and discovery responses—that fault and damages would be the only issues for determination of the claim." *Id.* As a result, the defendant's reference to an offset did not remove it from the protection of the safe harbor. *Id.* at 73-74.

Here, like in *Robinson*, neither of defendant's references to matters outside the safe harbor related to or resulted in an actual dispute between the parties. Although defendant's answer asserted that defendant was not aware whether the driver was underinsured and therefore denied the allegation, the record as a whole reflects that the matter was never developed, disputed, or decided beyond the initial pleadings. In fact, defendant admitted that the driver was underinsured in response to plaintiff's first request for admissions. Defendant's response admitted both that the driver's insurance policy had a liability limit of $50,000 and that plaintiff's underinsured motorist policy had a liability limit of $500,000. Taken together, those two admissions meant that the driver was underinsured under then-existing law. *See Mid-Century Ins. Co. v. Perkins*, 344 Or 196, 218, 179 P3d 633 (2008) (explaining under pre-2015 version of ORS 742.502 that "an underinsured motorist is a motorist who is insured for an amount that is less than the policy limits of the insured's uninsured motorist coverage").

Similarly, the record as a whole reflects that the matter of defendant's consent to settle never became the subject of an actual dispute between the parties. Plaintiff identifies no portion of the record, aside from defendant's single response to the request for admissions, where the parties ever discussed defendant's consent to settle, let alone disputed it. Accordingly, neither of plaintiff's alternative arguments demonstrates that defendant left the safe harbor, so as to sustain the trial court's attorney fees award.

In sum, we conclude that the trial court erred in awarding attorney fees under ORS 742.061(3). Defendant's argument raising plaintiff's comparative fault did not remove it from the safe harbor, and none of the other potentially

impermissible references developed into an issue in dispute that would remove the protection of the safe harbor.

Reversed and remanded.