Argued and submitted September 28, 2018; supplemental judgment reversed and remanded, otherwise affirmed April 7, 2021

Jack BURNS,
*Plaintiff-Appellant,*

*v.*

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
*Defendant-Respondent.*

Jackson County Circuit Court
15CV31792; A165385

487 P3d 50

Plaintiff appeals a supplemental judgment denying, in part, his request for attorney fees under ORS 742.061(1). Plaintiff was injured in an automobile collision and submitted a claim for underinsured motorist (UIM) benefits under his insurance policy with defendant. In response, defendant issued a "safe harbor" letter satisfying the provisions of ORS 742.061(3) and agreed to submit the case to binding arbitration. However, following arbitration in which plaintiff was awarded damages, defendant refused to pay the arbitration award, prompting plaintiff to petition the circuit court for entry of judgment against defendant for the full amount of the arbitration award plus attorney fees under ORS 742.061(1). The trial court awarded plaintiff costs and attorney fees incurred in connection with the circuit court proceeding, but denied fees incurred in connection with the UIM arbitration. *Held*: Although defendant's letter and its participation in arbitration satisfied the safe-harbor provisions of ORS 742.061(3), defendant's ultimate refusal to be bound by arbitration and pay plaintiff the arbitrators' award deprived it of the protections afforded by that statute. Therefore, the trial court erred in denying plaintiff attorney fees related to the UIM arbitration based on its understanding that he was not entitled to seek them.

Supplemental judgment reversed and remanded; otherwise affirmed.

Benjamin M. Bloom, Judge.

Travis Eiva argued the cause and filed the briefs for appellant.

Leslie A. Kocher-Moar argued the cause for respondent. Also on the brief was MacMillan, Scholz & Marks, P.C.

Before DeHoog, Presiding Judge, and DeVore, Judge, and Aoyagi, Judge.*

_____

* DeVore, J., *vice* Hadlock, J. pro tempore.

DeHOOG, P. J.

Supplemental judgment reversed and remanded; otherwise affirmed.

**DeHOOG, P. J.**

Plaintiff appeals a supplemental judgment denying, in part, his request for attorney fees under ORS 742.061(1). Under that statute, an insured driver who files an action against an insurer for underinsured motorist (UIM) benefits may "recover reasonable attorney fees if timely settlement is not made and the plaintiff's recovery exceeds the defendant's tender." *Kiryuta v. Country Preferred Ins. Co.*, 360 Or 1, 3, 376 P3d 284 (2016).[1] Despite that provision, a defendant insurer may avoid liability for an insured's attorney fees by placing itself within the "safe harbor" of ORS 742.061(3). *Kiryuta*, 360 Or at 3 (explaining that "ORS 742.061(3) provides a 'safe harbor' from such an award when the insurer, in writing, has accepted coverage; the only issues are 'the liability of the uninsured or underinsured motorist' and 'the damages due the insured;' and the insurer has consented to submit the case to binding arbitration"). The issue in this case is whether an insurer that initially brings itself within the safe harbor by timely accepting coverage and agreeing to binding arbitration limited to the issues permitted under ORS 742.061(3)—but that later refuses to be bound by the resulting award—may avoid paying attorney fees incurred in the course of the arbitration even if the insured must initiate circuit court proceedings to secure that award.

Plaintiff contends that an insurer may not avoid liability for its insured's fees, including those incurred in

---

[1] ORS 742.061 provides, in relevant part:

"(1) Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. ***

"*****

"(3) Subsection (1) of this section does not apply to actions to recover uninsured or underinsured motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

arbitration, under those circumstances. For the reasons that follow, we conclude that, contrary to the trial court's apparent understanding, neither ORS 742.061, nor any other statute, required the court to deny plaintiff's request for arbitration-related attorney fees. The court therefore erred in denying that aspect of plaintiff's request. Accordingly, we reverse the supplemental judgment and remand for the trial court to determine and award plaintiff his reasonable attorney fees.

The facts relevant on appeal are undisputed. Plaintiff was injured in an automobile collision and submitted a claim for UIM benefits under his insurance policy with defendant, American Family Mutual Insurance Company. After plaintiff filed a claim with defendant, defendant issued a "safe harbor" letter, in which it accepted coverage for the loss and agreed to submit the case to binding arbitration, where the only disputed issues would be the liability of the adverse driver and the amount of plaintiff's damages. Defendant's letter specifically stated: "Pursuant to ORS 742.061, American Family Mutual Insurance Company accepts coverage and agrees that the only issues are the liability of the uninsured/underinsured motorist and the damages due your client. American Family hereby consents to submit this case to binding arbitration."

Thereafter, the parties participated in arbitration and the arbitrators awarded plaintiff $72,587.98 in economic and noneconomic damages. However, following the issuance of that decision, defendant refused to pay the award. Plaintiff responded by filing a petition in circuit court in which he sought, under ORS 742.504(10),[2] entry of a judgment against defendant for the full amount of the arbitration award, as well as his attorney fees under ORS 742.061(1). Defendant opposed the entry of judgment and filed an answer in which it asserted, in part:

"1.   Plaintiff failed to exhaust the limits of liability under any bodily injury liability insurance policy contrary to the insurance agreement issued by defendant to plaintiff and ORS 742.504(4)(d)(A) and thus is not entitled to a judgment in any amount.

---

[2] The relevant text of ORS 742.504 is set forth below. 310 Or App 437 n 4.

> "2.   Pursuant to ORS 742.504(4)(d)(D) the plaintiff must give credit to the defendant for the unrealized portion of the underlying liability limits as if the full limits had been received. In this case the underlying limits are $100,000, the plaintiff has not received any amounts from the underlying policy. The award is less than the underlying limits and thus the plaintiff is not entitled to a judgment in any amount."

Rather than litigate those issues, however, defendant ultimately agreed that the trial court should enter a judgment for the full amount of the arbitration award. The court therefore issued a general judgment awarding plaintiff the $72,587.98 that the arbitrators had awarded him. Plaintiff then sought an award for all of his attorney fees, including those he had incurred before he initiated the circuit court proceeding, *i.e.*, those that had accrued in arbitration. Plaintiff argued that, under *Kiryuta*, 360 Or at 3-4, defendant had removed itself from the safe harbor of ORS 742.061(3) by raising issues related to coverage after having agreed to binding arbitration. Plaintiff further argued that, under *Masood v. Safeco Ins. Co. of Oregon*, 360 Or 638, 386 P3d 646 (2016), he was entitled to recover all of his attorney fees—not just those that he had incurred after he filed an action—because the entire claim, including the issues addressed in arbitration, was rooted in the insurance policy issued by defendant, which placed the entire process within the scope of ORS 742.061. *See* ORS 742.061(1) (providing for attorney fees when "an action is brought in any court of this state upon any policy of insurance of any kind or nature").

In response, defendant argued to the trial court that plaintiff was not entitled to any attorney fees under ORS 742.061(1), because plaintiff had never filed an "action" within the meaning of that provision. *See* ORS 742.061(1) (allowing for recovery of attorney fees when "an action [upon any policy of insurance] is brought"). In defendant's view, plaintiff's only potential eligibility for attorney fees arose from ORS 36.715, which, defendant argued, gave the court the discretion to award attorney fees incurred in reducing the arbitration award to a judgment. The trial court agreed with defendant. Although it entered a supplemental

judgment awarding plaintiff costs and attorney fees, it awarded plaintiff only the attorney fees he had incurred in connection with the circuit court proceeding, and not any incurred in connection with the UIM arbitration.

On appeal, plaintiff argues that the trial court erred when it denied a portion of his request for attorney fees under ORS 742.061. Plaintiff reprises his argument that, because his UIM policy was "the source of [his] claim," the provisions of ORS 742.061 entitle him to recover all of his attorney fees arising from that claim. Plaintiff points to the plain language of ORS 742.061(1), which provides that, if (1) a plaintiff files proof of loss with an insurer and settlement is not made within six months of the filing; (2) the plaintiff brings "an action * * * in any court of this state upon any policy of insurance of any kind or nature"; and (3) the plaintiff's recovery in that action exceeds the amount of any tender that the defendant has made, then the court must award reasonable attorney fees as "part of the costs of the action." Plaintiff contends that, because there is no dispute that he filed proof of loss, no settlement occurred within six months, and the total amount of damages exceeded any amount that defendant had previously tendered, the only relevant question is "whether [his] civil action * * * is an action to which ORS 742.061 fees apply." Plaintiff argues that, to the extent defendant seeks to benefit from the safe harbor provisions of ORS 742.061(3), that effort must fail, because defendant "refused to be bound by the arbitration, disputed coverage, and raised issues beyond the adverse driver's liability and the plaintiff's damages," all contrary to the requirements for "safe harbor" protection under the statute.

Defendant responds that the trial court properly awarded plaintiff only the attorney fees he had incurred in connection with his circuit court petition for entry of judgment and not those incurred in connection with the underlying arbitration. In so arguing, defendant does not wholly reprise the argument that it made to the trial court. Defendant tempers its earlier argument that ORS 742.061(1) did not provide a basis to award *any* part of plaintiff's fees because plaintiff had never filed an "action" within

the meaning of that provision.[3] Now defendant focuses on plaintiff's request for arbitration-related attorney fees and contends that plaintiff's argument "fails because plaintiff's claim was for UIM benefits and proceeded to arbitration under ORS 742.504(10)."[4] Defendant argues that, under our decision in *Wick v. Viking*, 105 Or App 33, 803 P2d 1199 (1990), attorney fees are not recoverable in connection with UIM arbitration undertaken pursuant to that statute; defendant further argues that, to the extent that there may be a conflict between the two statutes, ORS 742.504(10) controls because it is more specific than ORS 742.061(1).

Plaintiff, in reply, offers three reasons why, in his view, we should reject defendant's argument under ORS 742.504(10): (1) the 1999 amendments to ORS 742.061 enacting the safe harbor allow a plaintiff to obtain attorney fees notwithstanding our interpretation of the statute in *Wick*; (2) defendant is not entitled to the attorney

---

[3] Defendant does summarily assert in a footnote that, because the arbitration proceeding was not itself an "action" within the meaning of ORS 742.061(1), that provision does not authorize an award of attorney fees arising from that proceeding. However, because defendant does not develop that argument, we do not consider it further.

[4] ORS 742.504 provides, in relevant part:

"Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. However, nothing contained in this section requires the insurer to reproduce in the policy the particular language of any of the following provisions:

"* * * * *

"(10) If any person making claim hereunder and the insurer do not agree that the person is legally entitled to recover damages from the owner or operator of an uninsured vehicle because of bodily injury to the insured, or do not agree as to the amount of payment that may be owing under this coverage, then, in the event the insured and the insurer elect by mutual agreement at the time of the dispute to settle the matter by arbitration, the arbitration shall take place as described in ORS 742.505. Any judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof, provided, however, that the costs to the insured of the arbitration proceeding do not exceed $100 and that all other costs of arbitration are borne by the insurer. *"Costs" as used in this provision does not include attorney fees or expenses incurred in the production of evidence or witnesses or the making of transcripts of the arbitration proceedings. The person and the insurer each agree to consider themselves bound and to be bound by any award made by the arbitrators* pursuant to this coverage in the event of such election."

(Emphasis added.)

fee limitations of ORS 742.504(10), because defendant did not incorporate those limitations into plaintiff's UIM policy; and (3) we should decline to follow *Wick*'s interpretation of ORS 742.504(10) and ORS 742.061, because *Wick* did not engage in an adequate statutory analysis to support its conclusion, much less one that tracks the framework required by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Citing cases such as *Kiryuta* and *Cardenas v. Farmers Ins. Co.*, 230 Or App 403, 412, 215 P3d 919 (2009), plaintiff contends that "Oregon appellate courts consistently hold UIM insurers liable for a plaintiff's attorney fees, including those incurred in arbitration, when the insurer fails to meet all of the elements of ORS 742.061(3)."

Before turning to those arguments, we emphasize that defendant no longer contends that plaintiff's petition for entry of judgment is not the sort of "action" for which fees are available under ORS 742.061(1). Rather, defendant challenges only plaintiff's assertion that, because defendant exposed itself to fees under that statute by leaving the safe harbor of ORS 742.061(3), it became liable for all of plaintiff's attorney fees arising from the parties' insurance policy dispute, including those incurred in arbitration. Thus, we likewise limit our discussion by presuming that ORS 742.061(1) entitled plaintiff to recover attorney fees incurred in the circuit court proceeding and considering only whether plaintiff also was entitled to fees incurred in the course of the arbitration underlying the circuit court's ultimate award. We review a trial court's ruling relating to attorney fees for legal error. *Berger v. Safeco Ins. Co.*, 305 Or App 380, 383, 470 P3d 420, *rev den*, 367 Or 290 (2020).

Reduced to its essence, plaintiff's argument is that, once the conditions of ORS 742.061(1) are satisfied, an insured is entitled to recover all attorney fees arising from an insurance policy dispute unless the insurer is in a safe harbor, which, in this case, defendant left when it refused to accept the arbitrators' decision. Similarly distilled, defendant's argument is that, when, as in this case, the parties to an insurance contract participate in arbitration as contemplated by ORS 742.504(10), that statute, and not ORS 742.061(1), controls whether attorney fees are available and

that, under *Wick*, ORS 742.504(10) precludes an award of plaintiff's arbitration-related attorney fees. As we explain below, with that understanding of the parties' arguments, we agree that plaintiff is entitled to recover attorney fees for the arbitration-related portion of the parties' dispute.

We begin by considering our decision in *Wick*, which defendant contends bars an award of attorney fees incurred in any UIM arbitration, not merely one for which an insurer has satisfied the prerequisites for safe harbor under ORS 742.061(3). In *Wick*, the plaintiffs brought an action for UIM benefits against the defendant insurance company after they were injured in an automobile accident involving an underinsured driver. 105 Or App at 35. After filing an answer in which it alleged affirmative defenses and a counterclaim, the defendant moved to "abate the action partially to allow arbitration pursuant to [the plaintiffs' insurance] policy and relevant statutory provisions." *Id.* The plaintiffs agreed with the defendant's request, and the trial court granted the motion to partially abate the action. *Id.* at 36. The arbitrators then calculated the plaintiffs' "gross" damages and submitted that figure to the trial court, which, after deciding the legal issues raised by the defendant's answer, awarded judgment to the plaintiffs but denied their request for attorney fees. *Id.* at 36-37.

On appeal, we reversed the trial court's wholesale denial of attorney fees, concluding that, under ORS 742.061, the plaintiffs were entitled to fees arising from the aspects of the dispute that the parties had litigated in circuit court. *Id.* at 38-39 (holding that plaintiffs were entitled to recover "reasonable attorney fees incurred in connection with the action"). As relevant here, however, we held that ORS 742.504(10) "flatly prohibits attorney fees *in the arbitration proceedings to which it applies.*" *Id.* at 39 (emphasis added). Therefore, although the plaintiffs were entitled to *some* of the fees that they had incurred in the course of their insurance policy dispute, they were not entitled to attorney fees for services "attributable to the arbitration"; moreover, "the fact that the trial court used the arbitrators' raw figures in computing damages in the action [did] not alter that." *Id.* at 39-40.

Emphasizing that, in *Wick*, we upheld the trial court's denial of attorney fees "attributable to the arbitration," defendant argues that our application of ORS 742.504(10) in that case "preclude[s] an award of attorney fees in UIM arbitration" and therefore bars plaintiff's request for arbitration-related attorney fees in this case. We disagree. Whatever ongoing significance our holding in *Wick* may have today, we conclude for at least two reasons that it has no bearing on plaintiff's entitlement to fees arising from arbitration in this case.

First, *Wick* is distinguishable on both its facts and rationale. Here, defendant said that it would be bound by arbitration and limit the dispute to the matters permitted under the safe harbor provision, ORS 742.061(3). However, upon receiving the arbitrators' decision, defendant refused to be bound by it, and, after plaintiff had initiated circuit court proceedings, defendant raised additional matters in its own circuit court filings. In *Wick*, on the other hand, the defendant agreed to arbitrate one aspect of the parties' dispute—the "gross" amount of the plaintiffs' damages— and to bind itself to the arbitrators' decision as to that issue. 105 Or App at 35-36. And, although that defendant contested additional matters in the separate circuit court proceeding, it did not retract its agreement to be bound by the arbitration result. *Id*. at 38 (quoting defendant as describing the agreed-upon "hybrid procedure"). Indeed, although the trial court relied on the arbitrators' figures in determining the plaintiffs' ultimate award, that "[did] not alter" the fact that the arbitration was distinct from the circuit court proceedings for which the plaintiffs' attorney fees were recoverable. *Id*. at 39-40.

Thus, in describing the arbitration that had taken place in *Wick* as a proceeding "to which [ORS 742.504(10)] applie[d]," we appear to have relied on the bifurcated manner in which the parties, with the trial court's approval, addressed the plaintiffs' UIM claim. *Id*. at 39. The arbitration proceeding was self-contained and conclusively resolved the issues raised in that forum, rendering it unnecessary for the trial court to decide them anew in the circuit court proceeding. *See* ORS 742.504(10) (referring to agreement by

insurer and insured both to *consider* themselves bound and *to in fact be* bound by arbitrators' award); *see also Douglass v. Allstate Ins. Co.*, 152 Or App 216, 222, 953 P2d 770, *rev den*, 327 Or 305 (1998) (stating that "ORS 742.504(10) describes a particular type of arbitration—*i.e.*, arbitration that is pursued *in lieu of* litigation" (emphasis in original)).

That was not the case here. This was not a "hybrid procedure" in which defendant agreed to abide the arbitrators' decision and merely use that result as the basis for an independent determination by the circuit court. Rather, at least initially, defendant sought to wholly undo the arbitration result when it challenged plaintiff's entitlement to UIM benefits in circuit court. So, even assuming that, at the outset, the arbitration held in this case was a proceeding "to which [ORS 742.504(10)] applie[d]," *Wick*, 105 Or App at 39, the character of that proceeding changed when defendant refused to be bound by its result. That is, neither ORS 742.504(10) nor the related prohibition against arbitration-related attorney fees identified in *Wick* would seem to apply once defendant refused to honor its agreement, because that refusal conveyed defendant's position that, contrary to the terms of both the statute and the safe harbor letter that it had sent plaintiff, it had *not* participated in binding arbitration pursuant to ORS 742.504(10)—that is, the arbitration proceeding did not serve "in lieu of" a circuit court decision on the disputed issues.[5]

Second, reading *Wick*'s prohibition on arbitration-related attorney fees to encompass a case such as this one—in which a defendant insurer first agrees, and then refuses, to be bound by an arbitration award—would substantially undermine the recognized purpose of ORS 742.061(3). As plaintiff observes, our decision in *Wick* predated the legislative enactment of ORS 742.061(3). *See* Or Laws 1999, ch 790,

---

[5] In ruling in *Wick* that ORS 742.504(10) prohibits an award of attorney fees in arbitration proceedings to which it applies, we appear to have given that provision substantive effect, one limiting the fees that an insured may recover following a coverage dispute. We note, however, that the plain language of ORS 742.504(10) appears merely to reflect certain minimum requirements for some insurance policies—requirements that do not include a contractual obligation for insurers to pay arbitration-related attorney fees—without necessarily limiting whether fees might be available under separate statutory provisions, such as those now present at ORS 742.061(1) and (3).

§ 1. And, as noted, that provision specifies that, when a plaintiff files proof of loss and the provisions of 742.061(1) are otherwise satisfied, "the insurer must accept coverage and be willing to engage in *binding* arbitration on a limited set of issues" if the insurer is to benefit from the statutory safe harbor. *Spearman v. Progressive Classic Ins. Co.*, 361 Or 584, 591, 396 P3d 885 (2017) (emphasis added). The purpose of the safe harbor provision, the Supreme Court has explained, was to provide a "*limited* *** exemption*" from ORS 742.061 (1997), which "generally provided for attorney fees *whenever* an insured prevailed in an action against his or her own insurer and recovered more than what the insurer had previously tendered." 361 Or at 595-97 (emphases added). As explained by Robert Neuberger, an attorney who testified to the Senate Judiciary Committee on behalf of the plaintiff's bar,

> "If the insurance company *** disputes coverage, says we're not only going to dispute liability or damages, we don't even think you're covered, *or says we won't be bound by arbitration*, we won't use binding arbitration, then the insured— the person who pays the premiums—gets to keep their case in court. If *** they prevail and they beat the offer, *** then the court is to award reasonable attorney's fees."

Audio Recording, Senate Committee on Judiciary, SB 504, May 13, 1999, at 7:12 (testimony of Robert Neuberger), http://records.sos.state.or.us/ORSOSWebDrawer/Record/4234645 (accessed Mar 31, 2021) (emphasis added); *see also Spearman*, 361 Or at 595-60 (reviewing the legislative history of ORS 742.061(3)).

The practical effect of not allowing plaintiff his arbitration-related attorney fees in this case, merely because the parties pursued contractual UIM arbitration before plaintiff initiated circuit court proceedings, would be to subvert the legislature's goal of providing a *limited* exception under ORS 742.061(3). That is, a disingenuous insurer could benefit from the protections of safe harbor by purporting to bind itself to arbitration in accordance with the terms of ORS 742.061(3), litigating the permitted issues in that forum, and hoping for a favorable outcome. But, if the insurer found itself dissatisfied with the arbitrators' decision—as seems to have happened here—it would be free to

reject that decision, forcing the insured, first, to absorb the attorney fees incurred in arbitration, and, second, to run the risk of not achieving a better result in circuit court and having to pay the insured's own attorney fees a second time. We consider it unlikely that the legislature intended for insurers to be able to manipulate the UIM claims process in that manner, and we decline to read our statement in *Wick*, that ORS 742.504(10) "flatly prohibits attorney fees in the arbitration proceedings to which it applies," to encompass such circumstances.

In light of our conclusion that our decision in *Wick* does not apply here and therefore does not preclude an award of plaintiff's arbitration-related attorney fees, we need not determine whether, as plaintiff contends, *Wick* was abrogated by the enactment of ORS 742.061(3).[6] Furthermore, although we recognize that the absence of a bar to attorney fees is not necessarily the equivalent of an entitlement to them, we note that defendant does not develop any argument in response to plaintiff's contention that, like the matters he asserted in the circuit court proceeding, the claims he advanced in arbitration arose from his insurance policy and therefore give rise to recoverable fees. *Cf. Masood*, 360 Or at 643 (holding that, where requirements of ORS 742.061(1) were met, insured was entitled to recover attorney fees incurred in enforcing an oral agreement between insured and insurer predicated on an underlying policy; stating that the "determinative question" under the statute was "the source of the insured's claim"); *see Traveler's Insurance Co. v. Plummer*, 278 Or 387, 563 P2d 1218 (1977) (cited by court in *Masood* and reaching similar conclusion under predecessor to ORS 742.061(1) with regard to fees an insured had incurred in pursuing a third-party claim).

Moreover, as plaintiff suggests, we have at least implicitly endorsed the idea that an insured who is entitled

---

[6] In that regard, we note that it is not apparent to us how, consistently with ORS 742.061(3)'s limitation on the issues that an insurer may dispute without leaving the safe harbor, an insurer may raise additional issues in another forum and still avoid liability for attorney fees. However, the dispute in this case does not require us to decide whether the bifurcated process that the parties and trial court agreed to in *Wick* remains viable following the enactment of the safe harbor.

to attorney fees under ORS 742.061(1) because an insurer has left the protections of the safe harbor may recover attorney fees arising from an arbitration that began within the harbor. *Cardenas*, 230 Or App at 412. In *Cardenas*, the issue on appeal was whether the defendant insurer had left the protection of the safe harbor under ORS 742.061(3) when it sought in the course of arbitration to enforce a release that its insured had previously signed. *Id*. at 405, 408-12. Having concluded that the insurer had, in fact, left the safe harbor and that the trial court had not erred in awarding the insured attorney fees on that basis, we turned to the cross-appeal. *Id*. at 412.

Specifically, having *assumed* that the insured was entitled to fees arising directly from arbitration if the insurer left the safe harbor, we turned to whether the insured *also* was entitled to fees incurred in circuit court in its challenge to the arbitrator's ruling. *Id*. We concluded that the insured was entitled to those fees as well. *Id*. Thus, although we did not have occasion in *Cardenas* to scrutinize the insured's entitlement to attorney fees specific to the arbitration portion of the parties' dispute, we did, as plaintiff suggests, implicitly treat the recovery of those fees no differently than any others under ORS 742.061(1). In light of *Cardenas* and, given the absence of any substantive argument by defendant as to why plaintiff is not entitled to arbitration-related attorney fees if ORS 742.504(10) and *Wick* do not preclude them here, we are persuaded that the trial court erred in concluding that it could not award plaintiff those fees.

Cases such as *Cardenas* are instructive in another way, because they demonstrate that obtaining the safe harbor protections of ORS 742.061(3) is not merely a matter of form, but also of substance. That is, simply issuing a safe harbor letter is not enough; insurers can enjoy the protections of the safe harbor provision only if, in fact, they do not dispute coverage, limit the issues to the liability of the uninsured or underinsured motorist and damages due, and consent to be bound by arbitration. *See* ORS 742.061(3). In other words, even if a defendant insurer effectively sails into safe harbor, it loses its shelter if, through its own conduct, it sails out.

In this case, there is no question that settlement was not made within six months from the date proof of loss was filed, an action was ultimately brought upon the parties' insurance policy, and plaintiff's recovery exceeded the amount of any tender made by defendant. Although defendant's letter and its participation in arbitration satisfied the specific requirements of ORS 742.061(3) and therefore initially entitled defendant to protection under the safe harbor, defendant's ultimate refusal to be bound by arbitration and pay plaintiff the arbitrators' award deprived it of that protection. That is, despite initially employing the language and process contemplated by ORS 742.061, defendant cost itself the protection of the safe harbor by acting contrary to its agreement. As a result, plaintiff was entitled to recover his attorney fees under ORS 742.061(1) after he initiated circuit court proceedings and, as we have just concluded, that included the fees he had incurred in the underlying arbitration.

In light of the foregoing, we conclude that the trial court erred in denying plaintiff attorney fees related to the arbitration based on its understanding that he was not entitled to seek them. However, plaintiff's entitlement to attorney fees under ORS 742.061(1) is for a "reasonable amount," and the court did not determine what fee award would be reasonable as to the arbitration portion of the parties' dispute. Thus, we reverse the supplemental judgment and remand for the trial court to make that determination. *Cardenas*, 230 Or App at 412.

Supplemental judgment reversed and remanded; otherwise affirmed.